71  451
75  664

### Louisville, New Orleans & Texas Railway Co. *v.* T. J. Whitehead.

INSTRUCTION. *Singling out witness.   Weight of evidence.   Code* 1892, § 732.

It is error to instruct that the testimony of experts is to be "received with caution, as the opinions of such witnesses, however honestly entertained, may be erroneous." Thus to single out witnesses, and unfavorably contrast their testimony with that of others, is in violation of § 732, code 1892, forbidding instructions on the weight of evidence.

From the circuit court of Franklin county.

Hon. W. P. Cassedy, Judge.

Action for damages by appellee against the appellant for the alleged backing up of the waters of a stream on the lands of plaintiff, by the construction of the road-bed of the defendant. On the trial, the defendant introduced two surveyors, who testified that they had made surveys, and found that the land of plaintiff which was alleged to have been overflowed was, in fact, higher than the road-bed, and, for that reason, it was impossible that the overflow could have been occasioned by the construction of the same. The question at issue was whether or not the overflow was thus caused.

Among other things, the following instruction was given: "The court further instructs the jury for the plaintiff that they are the exclusive judges of the evidence in the case, and, while the opinions of experts are admissible in evidence, such evidence should be received with caution, as the opinions of such witnesses, however honestly entertained, may be erroneous, and if the evidence in the case shows them to be, then they should be disregarded."

Plaintiff recovered judgment; motion for new trial overruled; defendant appeals.

*Mayes & Harris*, for appellant.

1. Considering the testimony of the surveyors as only the

opinions of experts, plaintiff's first instruction was wrong. It was on the weight of the evidence; and, further, it was objectionable in singling out part of the testimony in the case for special animadversions.    10 Hnn (N. Y.), 357; 57 Ind., 461; 63 *Ib.*, 524; 94 *Ib.*, 147; 32 Kan., 255; 33 N. W. Rep. (Mich.), 24; 37 Miss., 471; 41 *Ib.*, 79; *French* v. *Sale*, 63 *Ib.*, 386; *Woods* v. *State*, 67 *Ib.*, 575; *Kearney* v. *State*, 68 *Ib.*, 233.

2. It was error to treat the testimony of the two witnesses for defendant as the opinions of experts.    They did not testify to opinions, but to scientific measurements.    They were expert witnesses, yet, what they testified to was not mere inference, but observations made by them in respect to an apparent physical fact.    It was error to confound the two things, and manifestly the instruction tended to discredit the defendant's case.

*Cassedy & Cassedy*, for appellee,

Filed a brief, which was confined to a discussion of the evidence.

WOODS, J., delivered the opinion of the court.

The first instruction given for appellee is justly obnoxious to the criticism of containing a comment on the testimony of the two chief witnesses for the appellant, and as charging the jury on the weight of the evidence.    The jury was informed by the court that the evidence of these witnesses was to "be received with caution, as the opinions of such witnesses, however honestly entertained, may be erroneous," etc.    The singling out of the witnesses supposed to have been expert witnesses (whether they were or not it is unnecessary for us to determine) for discrediting remark by the court, and the unfavorably contrasting their evidence with the other evidence in the case, was in disregard of § 732, code 1892.

The evidence of expert witnesses is to be received and

treated by the jury precisely as other testimony. Its value may be very great, or it may be of little worth. It may be conclusive, or it may be not even persuasive. Its weight will be determined by the character, the capacity, the skill, the opportunities for observation, and the state of mind of the experts themselves, as seen and heard and estimated by the jury, and, it should be added, by the nature of the case and all its developed facts. Lawson Expert and Opinion Evidence, 240; *Humphries* v. *Johnson*, 20 Ind., 190; *Railroad Co.* v. *Thul*, 32 Kan., 255; *Thompson* v. *Ish*, 99 Mo., 160; *Carter* v. *Baker*, 1 Sayer, 512; *Stone* v. *Railroad Co.*, 66 Mich., 76.

*Reversed.*