BOARD OF LEVEE COMMISSIONERS FOR YAZOO-MISSISSIPPI DELTA *v.* CALVIN P. HENDRICKS ET AL.

1. EMINENT DOMAIN. *Lands. Value. Theoretical.*

In an eminent domain proceeding to condemn lands for public use, the selling cash value of the lands should be awarded the owner, and not its theoretical value as gathered from the opinions of witnesses.

2. SAME. *Evidence. Opinion. Yield.*

    The opinions of witnesses as to what would be the yield in crops of the lands sought to be condemned are inadmissible in an eminent domain proceeding.

FROM the circuit court, first district, of Coahoma county.
HON. F. A. MONTGOMERY, Judge.

The Board of Levee Commissioners of the Yazoo-Mississippi Delta, appellant, began proceedings under the statute authorizing the same, to condemn for levee purposes the land of Hendricks and others, appellees. · An issue was made up and tried in the circuit court to ascertain the damages to which the landowners were entitled. The nature of the case and the facts are apparent from the opinion of the court.

*Cooper & Waddell,* for appellants.

The proposition for which we contend in this case is that in eminent domain proceedings by the levee board, they are required to pay for lands taken by them, only its cash value at the time of, the taking, and by the cash value of the land is meant its selling value at the time, and not what it is intrinsically worth to the landowner, or what the landowner regards its value to be. In other words, there has been developed in these condemnation suits two criterions of value of land— the one a theoretical value, which is not recoverable, and the other a practical or selling value, which is alone recoverable.

The act of the legislature authorizing these condemnation proceedings provides that the cash value of the land taken shall be ascertained and paid. Laws 1897, chap. 19, p. 26, sec. 5.

The constitution requires just compensation to be paid by the public for private property when taken for public use, and leaves it to the legislature and the courts to say what is meant by just compensation. *Pearson* v. *Johnson,* 54 Miss., 259; *Richardson* v. *Levee Commissioners,* 68 Miss., 539, 549.

"Value is an inference from description and quality, and is

to be. fixed by the jury, and not by the court or the witnesses."
*Jones* v. *Illinois, etc., R. R. Co.,* 25 So. Rep., 490, 491.

This court held in *Commissioners* v. *Dillard,* 76 Miss., 641,
that opinion evidence of the value of lands was admissible, in
order to assist the jury, but not to control their verdict; but
opinion evidence should be limited to the selling value of the
land.

The court below erred in allowing the appellees' witnesses to
testify, over appellants' objection, as to the probable yield in
cotton and corn of the land in controversy. None of these
witnesses stated that they knew what the yield from this land
had been in any one year, or in any series of years. They were
simply guessing at the probable yield of the land if all con-
ditions were favorable, and we submit that if it is competent,
under any circumstances, to consider the annual rental or the
annual yield of the land as an element in fixing its selling
value, then mere opinions as to the amount of rent or the yield
of the land would not be competent, but the witnesses should
be required to testify to the fact of what the yield or the
rent was, and not give mere opinions.

*D. A. Scott,* for appellees.

The identical questions now before the court were fully dis-
cussed in the recent case of *Commissioners* v. *Dillard,* 76
Miss., 641, and decided against the appellant.

TERRAL, J., delivered the opinion of the court.

The levee commissioners applied for the condemnation of
nine and 89-100 acres of land belonging to the defendants; the
appraisers valued the land sought to be taken at $593.40, and
the damage to orchard and premises at $125.   Total, $718.40.

The defendant, Hendricks, appealed to the circuit court,
and there the jury gave damages as follows: "For land con-
sumed, $750; for orchard, $250; for house, $50.    Total,
$1,050." The levee board appeals.

To exemplify the character of the evidence in this case, and the objections made to it, and to the verdict of the jury based upon it, we summarize that of one of the witnesses. Charles Palmore testified that "he was the assessor of the county, and had assessed the land in controversy at $15 per acre; but that it was worth $100 per acre, and that $50 per acre was the market price per acre of best land in the country; that this land would, if well cultivated, produce one bale of cotton per acre; that the orchard was about an acre in extent, and had some fine peaches, some fine plums, some fine pears, and some apples; that he had never seen the orchard in fruit, but it was well kept, and was in his opinion worth $400."

1. As held in *Richardson* v. *Levee Commissioners*, 68 Miss., 539, it is the purpose of the law to secure to the owner whose land is taken for public use the selling cash value of it. And though a person familiar with the tract of land sought to be taken may give his opinion of its value, it is its cash value on a sale made on reasonable notice that should be inquired of. The verdict of the jury in this case sustains the contention that they were influenced by the opinions of the witnesses as to the theoretical value of the land rather than by the price at which it could have been sold.

2. It was error, we think, to permit the witnesses to give their opinion as to what would be the yield of the land in corn or cotton or other crops; the rule allowing opinion evidence does not extend so far. 1 Greenl. Evi., sec. 440, and notes.

3. The value of the orchard should not have been proven by opinion evidence. Indeed, there is in the record but little evidence of its value, besides that of the opinions of some of the witnesses, and a verdict resting upon that basis alone should not be permitted to stand.

*Reversed and remanded.*