BOARD OF LEVEE COMMISSIONERS FOR YAZOO AND MISSISSIPPI
DELTA *v.* PRESLEY NELMS ET ALS.

1. EMINENT DOMAIN.  *Value of land.  Evidence.  Opinion of non-expert.*
    In an eminent domain proceeding, it is competent for a witness,
    familiar with the land sought to be taken, to testify about crops
    which had been produced on it, its location, distance from trans-
    portation facilities, and the character of the soil, and therefrom
    to give his opinion of its value, although he is not an expert.

2. SAME.  *Deeds.  Recitals of value of neighboring land.*
    Deeds to neighboring lands are not admissible in evidence in con-
    demnation proceedings, although by their recitals they show the
    considerations paid for the lands conveyed by them.

3. SAME.  *Sales of neighboring lands.*
    Sales of neighboring lands of like quality as that sought to be
    condemned, and prices actually paid, may be proved in con-
    demnation proceedings, in order to weaken opinions of value.

4. SAME.  *Opinions of land values.  No sales.*
    Opinion evidence of the value of the lands sought to be taken is
    admissible in condemnation proceedings, although no sales of
    neighboring lands have been made.

5. SAME.  *Laws 1887, chapter 19, p. 22.*
    Under laws 1897, Laws, chap. 19, pp. 22-29, regulating eminent do-
    main proceedings by the Board of Levee Commissioners for the
    Yazoo & Mississippi Delta:
    (*a*) The jury must find for the land owner where the appraisers
    have awarded him damages, and he has appealed to the circuit
    court.
    (*b*) A verdict for the land owner must, under section 9 of the act,
    be itemized.
    (*c*) The sum awarded a tenant for his leasehold is not to be de-
    ducted from the sum awarded to the owner of the fee.

FROM the circuit court of DeSoto county.
HON. PERRIN H. LOWREY, Judge.

The Board of Levee Commissioners for the Yazoo and Mississippi Delta, appellant, began proceedings, under laws 1897, chapter 19, pp. 22-29, against Nelms and others, appellees, to subject certain lands to levee purposes. The appraisers awarded appellees damages which were unsatisfactory to them and they appealed therefrom to the circuit court, where upon trial a judgment was rendered in appellee's favor and the board of commissioners appealed to the supreme court. An appraisement was made of the land sought to be condemned, allowing the appellees $55.50 per acre for part of the land that was on the outside of the levee and which would be protected by the levee, and $35.50 per acre for the part on the inside of the levee, that is, between the levee and the river. The appraisers also allowed the lessee of the land $4.50 per acre on both sides the levee. From this award the owners of the land appealed to the circuit court, but the lessee did not appeal. On the trial in the circuit court, the land owners were permitted, over the objection of the board, to prove. the value of the land by testimony showing what it would rent for annually per acre, and what other land of like character in the same neighborhood would rent for per acre, and what said land would produce per acre in cotton, corn, etc., and, on that basis, what the witness' opinion was as to the value of the land; and this without first showing that the witness had any expert training. Appellant offered to introduce the records of deeds showing sales of like land in the same community, the dates of the sales, the parties thereto, and the prices as recited in the deeds paid for same. The land owners objected to this, and the objection was sustained. The court instructed the jury, for the land owners, that they must find a verdict for the cash value of their interest in the land, and itemize their verdict; that the parties who testified as witnesses in the case, but who were the appraisers in the case, were not entitled to any greater consideration, or their testimony entitled to any greater weight, than any other equally

creditable witnesses; that by condemning the land the levee board acquired an absolute title to the land; and that plaintiffs could not prevent such taking, and can only insist upon being paid the full and fair value for the land, and damages consequent upon such taking. The court refused to instruct for the levee board that the value of one year's lease must be deducted from the value of the land as shown by the evidence in the case. From a verdict and judgment for the land owners for $70 per acre for land outside the levee, and $60 per acre for that inside the levee, the levee board appealed to the supreme court.

*J. T. Lowe,* for appellant.

The court below erred in allowing appellee's witnesses, over the objection of appellant, to testify as to the probable yield of the land in controversy, and as to its productiveness and what said lands would rent for annually. 10 Am. & Eng. Enc. Law (2d ed.), 1162.

The court below erred in allowing appellee's witnesses to testify as to the value of the land in question, giving mere opinions of value, and blandly asserting the value, when said witnesses had not properly qualified, and did not base their testimony on any actual cash sales made for similar lands in the same vicinity.

What lands will rent for annually has nothing to do with its true cash value, and this is apparent on the lightest thought given the proposition.

The court below erred in granting the instructions asked by the appellees; first, because it wholly failed to instruct the jury that the owners were entitled to recover from appellant the value of the reversion, and rents reserved less abatement for present payment; that the said reversion is the fee less the term of said leasehold of one year. *Levee Commissioners* v. *Johnson,* 66 Miss., 248.

*St. John Waddell,* for appellees.

Appellant objected to proof of the fact of what the land taken had annually produced up to the time of the taking, and not what it was thought it would produce in the future. The court below properly overruled the objection to the above testimony. *Levee Commissioners* v. *Dillard,* 76 Miss., 641, 6 Am. & Eng. Enc. Law (1st ed.), 620, and notes.

The court below erred, says appellant, in admitting testimony of the rental value of the land taken, and other land on the same place and in the same neighborhood. The testimony was perfectly competent as one of the elements of the value of the land and as descriptive of the same, and as a fact or basis to aid in determining its value. This was expressly decided by this court in *Levee Commissioners* v. *Dillard, supra.*

This court expressly decided in *Levee Commissioners* v. *Dillard, supra,* that the opinion of witnesses as to the value of lands was perfectly competent where the witness was acquainted with the land and knew its value.

Deeds could only be offered as evidence on what was the value of the land in controversy. The record showed that a number of these deeds related to sales some seven or eight years previous, or in 1895 and 1896. Others were as late as 1900 and 1901. No evidence was offered with the deeds that the property conveyed therein was similarly situated, located, or of like character and value to the property in controversy, or that it was adjacent property or that the recited consideration in said deeds were the true considerations for the sales, or that said sales were made in the usual course of bargain and sale of lands for their full and fair value. *Rose* v. *Taunton,* 119 Mass., 99; *Esch.* v. *R. R. Co.,* 39 N. W. Rep., 129; *O'Hara* v. *Chicago, etc., R. Co.,* 28 N. E. Rep., 923.

CALHOON, J., delivered the opinion of the court.

The cases of *Board* v. *Dillard,* 76 Miss., 641, 25 South., 292, and *Board* v. *Hendricks,* 77 Miss., 483, 27 South., 526, do not conflict.    They are easily distinguishable.    The former supports the court below in its rulings on the objection to testimony.

It is competent for a witness familiar with the particular land to say what crops it has been producing, its location, distance from a railroad or other means of transportation, the character of its soil, and from all this knowledge to give his opinion of its value.    No showing of any expert training is required.    10 Am. & Eng. Enc. Law, 1157; 2 Lewis, Em. Dom., secs. 437, 435, 478, 443.

The introduction of deeds to show value, by their recitals of consideration paid for neighborhood land, is obviously incompetent.    2 Lewis, Em. Dom., sec. 443.

In weakening opinion values, it is competent to show by witnesses the fact of sales of neighboring land of like quality, and the actual purchase price.    If no sales had been made, opinion of real value is none the less admissible.    It would be curious if one's land should be held without value because there had been no sales of land in his vicinity.    2 Lewis, Em. Dom., end of sec. 478.

There was no error in the action on instructions under the act (Laws 1897, ch. 19, p. 22, *et seq.*).    The jury necessarily had to find for plaintiffs, because the appraisers had awarded them damages, from which they, and not the board, had appealed to the circuit court; and the verdict had to be itemized, under section 9 of the statute; and the statute, not the jury, directs the fixing of costs.

The claim for deduction of $27.27 allowed for the one year's lease by the appraisers, and not appealed from by either side, is not sound.    In the record this allowance of $27.27 to the tenant for the year, who was in under a tenant for life who had

died, appears to be "for the value of the leasehold"— the one year, then half gone — and then follows the allowance to appellees here of values and damages "as owners of the fee in remainder," and the contest was over that in the circuit court.

*Affirmed.*