Mississippi State Highway Commission *v.* Treas *et al.*

(In Banc. Jan. 8, 1945. Suggestion of Error Overruled Feb. 12, 1945.)

[20 So. (2d) 475. No. 35746.]

McFarland & Holmes, of Aberdeen, for appellant.

Paine & Paine, of Aberdeen, for appellee.

674

Argued orally by **Thos. F. Paine**, for appellee.

**Roberds, J.**, delivered the opinion of the court.

Appellee Treas owns a farm of 746 acres located two miles northwest of Aberdeen, Mississippi, on Highway 45. The State Highway Commissioner condemned a right-of-way across and near the middle of that farm a distance of a mile and a half, the land actually taken being 35.1 acres. The jury in the special court of eminent domain awarded Mr. Treas $2,500 damages, from which he appealed to the circuit court, where the jury returned a verdict for $5,000 damages, from which the Commission appeals here.

It is urged by the Commission that the evidence does not justify the amount of the verdict. The witnesses estimated the value of the land taken and the reduced value of that remaining at from $2,000 to $15,000. It was the province of the jury to fix the damage from this conflicting testimony and the evidence is sufficient to, and it does, support the verdict, and especially so in this case since the jurors themselves went upon and personally inspected and examined the lands.

Evidence was offered of specific injuries to the remaining land, such as the cost of rebuilding and removing barns, a silo, digging new pools, constructing three miles of fence along the new highway, etc., all of which would result, according to appellee, from the construction of the road as located. Appellant says the admission of this evidence was error. In Mississippi State Highway Commission v. Hillman, 189 Miss. 850, 198 So. 565, 570, this court said: "The before and after taking rule being the measure of damages applicable to this case, it follows that the appellees cannot recover damages for specific injuries to their remaining land, but that evidence of such injuries is competent if, but not unless, they would affect the market value of the remaining land." Appellee was careful to connect these specific items of cost with, and have the

witnesses consider them only as bearing upon, such market value. That testimony was brought within the foregoing rule in this case.

Appellee obtained an instruction telling the jury that "the burden of proof is on the State Highway Department on the issue of damages sustained by Charles Treas by the taking of the land condemned." Appellant says the burden is on the condemnor to establish the right to take but is upon the owner to show the extent of the damage caused by the taking, citing 18 Am. Jur. 985, Sec. 342. Some courts do place that burden upon the owner; others hold it is upon the condemnor. This court has adopted the latter view. Mississippi State Highway Commission v. Hillman, supra.

The judgment of the eminent domain court was rendered March 18, 1942; that of the circuit court October 28, 1943. The circuit court judgment bears interest at 6% per annum from the date of the eminent domain award judgment. Appellant contends that no past interest could be added to the circuit court judgment under the facts and proceedings in this case; appellee says the adding of such interest was proper.

The courts generally allow interest as part of the damage, or compensation, to which the owner is entitled when property is taken under the power of eminent domain, and in State Highway Commission v. Mason, 192 Miss. 576, 4 So. (2d) 345, 6 So. (2d) 468, and State Highway Commission v. Wunderlich, 194 Miss. 119, 11 So. (2d) 437, we held that the Mississippi State Highway Commission is liable for interest in proper cases. However, there is great conflict as to the time from which interest is to be computed. "Thus, interest is variously allowable from the time of the taking, or entry of possession, or owner's loss of possession, or the appropriation, the time of the commencement of the proceedings, the time the report assessing the damages is returned, the time of the award, the date of the entry of possession or of the award, whichever is first, the time of the order of condemnation, the

time of the judgment affirming the award, or from the time when the security required by the condemnation statute is given." 18 Am. Jur. 913, Sec. 272. In some states the question is regulated by statute. In other jurisdictions such dates may vary as between the damage for the land actually taken and the consequential damages, and in Georgia the time from which interest is computed depends upon the particular circumstances of each case. Annotations, 96 A. L. R. 155, et seq., and 111 A. L. R. 1304. The question has not been passed upon in this state, although in Williams v. New Orleans, M. & T. R. Co., 60 Miss. 689, this court held that where a railroad company entered upon land and used it for a right-of-way without right, and after a number of years proceeded to condemn such land, but continued in possession without paying therefor, that the owner could elect to take the value of the land at the time of the original entry, with interest, or the value of the land as of the time of the action, without interest.

And the manner of ascertaining the interest as an item of damage is pertinent to this question. Some courts have added interest at the legal rate as a matter of law under the particular facts of the case. Shannahan v. Waterbury, 63 Conn. 420, 28 A. 611; Phillips v. South Park Com'rs, 119 Ill. 626, 10 N. E. 230; Schnull v. Indianapolis U. R. Co., 190 Ind. 572, 131 N. E. 51; Lough v. Minneapolis & St. L. R. Co., 116 Iowa 31, 89 N. W. 77; Whitacre v. St. Paul & S. C. R. Co., 24 Minn. 311; City of Minneapolis v. Wilkin, 30 Minn. 145, 15 N. W. 668; Sioux City R. Co. v. Brown, 13 Neb. 317, 14 N. W. 407; State v. Hamer, 211 Ind. 570, 199 N. E. 589. In other jurisdictions the question must be submitted to and passed upon by the jury. State ex rel. McNutt v. Orcutt, 211 Ind. 523, 199 N. E. 595, 7 N. E. (2d) 779; Hayes v. Chicago, M. & St. P. R. Co., 64 Iowa, 753, 19 N. W. 245; Butte E. R. Co. v. Mathews, 34 Mont. 487, 87 P. 460; Routh v. Texas Tract. Co. (Tex. Civ. App.), 148 S. W. 1152; Diedrich v. N. W. U. R. Co., 47 Wis. 662, 3 N. W. 749; Minot v. Boston, 201

Mass. 10, 86 N. E. 783, 25 L. R. A. (N. S.), 311; Durham v. Davis, 171 N. C. 305, 88 S. E. 433.

In the case at bar it is uncertain from the record to just what extent the commission took, and the owner was deprived of, possession of the land, and to what extent such taking interfered with the use of the remaining lands, and the date of such taking and interference. It is admitted the Commission has not paid into court, or tendered to the owner, any amount of money. It is the view of a minority of the court, including the writer, that the proof does show the Commission took possession shortly after the eminent domain trial, and that it is clear in this case that the jury assessed the damage as of the time of the original condemnation proceeding, and that, since Section 17 of the Mississippi Constitution requires that "Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof," which was not done in this case, that the lower court was correct in adding to the jury verdict legal interest from the date of the eminent domain award. But a majority of the Court is of the opinion that the proof does not sufficiently show such taking, and that, in addition, the question of prior interest, and the rate thereof, as an element of damage, should have been submitted to and passed upon by the jury, and that the amount of the verdict herein constitutes the total damage fixed by the jury, and that the trial judge had no power to add thereto prior interest, nor to fix the rate thereof.

Judgment will, therefore, be entered here for appellee for $5,000, with legal interest thereon from October 28, 1943, the date of such judgment in the lower court.

Affirmed in part and reversed in part and judgment here for appellee.