WARREN COUNTY *v.* HARRIS.

Division A.    Mar. 5, 1951.

No. 37859 (50 So. (2d) 918)

Voller, Teller & Biedenharn, for appellant.

Dent & Ward, for appellee.

**Kyle, J.**

This is an appeal by the board of supervisors of Warren County from a judgment of the circuit court awarding damages to Mrs. Eugenia D. Harris in an eminent domain suit involving the taking by the county for highway purposes of a small strip of land owned by the appellee.

The board of supervisors of Warren County, as a part of its farm-to-market road building program, selected for improvement and paving the link of road known as the Porter's Chapel Road described as beginning at old Highway No. 3 near the Memorial Arch at the east entrance of the city of Vicksburg and running thence south along the east edge of the Vicksburg National Military Park, a distance of approximately five miles. The appellee owned a tract of land containing approximately 23 acres lying along the west side of and fronting on the Porter's Chapel Road for a distance of approximately 850 feet. The road right-of-way already owned by the county was approximately 42 feet in width. The farm-to-market road building program which the board of supervisors proposed to carry out was to be financed in part by an allocation of state aid road funds and in part by federal aid funds made available for the construction of roads of that type. To qualify for the federal aid funds, the county was required to provide at its own expense a road right-of-way not less than 60 feet in width and extending 30 feet on each side of the center line. It was therefore necessary that the board of supervisors acquire from appellee an additional 9-ft. strip along the west side of the old road right-of-way. No changes were

to be made in the grade of the road bed or in the location of the road ditches or the road embankments.

Eminent domain proceedings were instituted in the county court for the purpose of acquiring the additional 9-ft. strip which contained approximately one-sixth of an acre of land. The case was tried by a jury in the county court. The county engineer testified as to the type of blacktop surface which was to be constructed along the route of the road and a plat of the proposed road and a copy of the plans and specifications were offered in evidence. The engineer testified that it was necessary that the county acquire the additional strip of an average width of approximately 9 feet from the appellee for the purpose of widening the road right-of-way, that a black-top bituminous surface was to be constructed, but that no change was to be made in the location of the road itself. The county introduced no witness to prove the value of the strip of land to be taken or the incidental damage, if any, which might result to the land not taken. After the engineer had completed his testimony the jury made an inspection of the premises. The county then rested its case.

The appellee introduced a real estate agent, who resided in the city of Vicksburg, and who had had eight years experience in the real estate business, to testify as to the amount of damage which would result to the appellee by the taking of the strip of land for highway purposes. The witness testified that in his opinion the appellee's property would be damaged to the amount of $1,500 or $2,000 by the taking of the 9-ft. strip.

The case was submitted to the jury under proper instructions, and the jury returned a verdict for the appellee for $125. The appellee thereupon made a motion to set aside the verdict and for a new trial on the ground that the verdict was inadequate and against the weight of the evidence, and on the ground that the verdict was not based on any testimony in the record. The county

court overruled the motion for a new trial and entered a judgment in favor of the appellee for the sum of $125.

The appellee appealed the case to the circuit court where an order was entered reversing the judgment of the county court and granting a new trial. The case was tried anew in the circuit court by a jury. The county again introduced the county engineer as a witness and made its proof as to the necessity for the taking of the additional strip of land. A plat of the proposed road and the plans and specifications were introduced in evidence. The jury inspected the property, and the county then offered as a witness for the county a real estate agent who testified that in his opinion the fair market value of appellee's property was $500 an acre, and that the value of the 9-ft. strip of land to be taken would not exceed $100.

The appellee testified as a witness in her own behalf and stated that she had lived on the property since 1912, that the total amount of land which she owned in the tract was approximately 23 acres. David B. Taylor, the real estate agent who had testified as a witness for the appellee in the first trial, testified again for the appellee and stated that in his opinion the appellee's property would be reduced in value between $1,500 and $2,000 by the taking of the 9-ft. strip, that the damage would result from the taking of the nine feet off of the front side of five or six building lots lying immediately south of appellee's residence house.

The jury returned a verdict for the appellee for the sum of $450. The appellee then filed a motion asking the court to set the verdict aside and to reinstate the former judgment of the county court, or in the alternative to grant a new trial, on the ground that the former judgment of the county court was in all respects proper and should have been upheld, and on the ground that the amount of the verdict in the circuit court was excessive. The court overruled the motion to reinstate the judgment of the county court or to grant a new trial and entered

a judgment in favor of the appellee for $450. From that judgment the county has appealed the case to this Court.

The assignment of errors filed by the appellant is based entirely upon the action of the circuit court in setting aside the judgment of the county court and granting a new trial in the circuit court.

The judgment of the circuit court reversing the judgment of the county court and granting a new trial was based upon the finding by the learned circuit judge that the appellee had "not received the degree of consideration to which she was entitled by the jury" in the county court. The circuit judge concluded that the verdict of the jury in the county court was based entirely upon the jury's own observation of the premises and that the jury had ignored the testimony of the witnesses in the trial of the case.

Under the provisions of the statute the jury in an eminent domain case is sworn to render a true verdict according to the evidence adduced on the trial, the weight and credibility of which the jurors are the sole judges. Unless the parties consent to the contrary, it is made the duty of the jury to go to the premises and view the property sought to be condemned and its surroundings. The findings of the jury must be according to the evidence adduced on the trial. That means the evidence offered from the witness stand and the evidence made available to the jury by its own inspection of the property as required by the statute.

In the case of Mississippi State Highway Commission v. Hillman, 189 Miss. 850, 198 So. 565; and in the case of Mississippi State Highway Commission v. Treas, 197 Miss. 670, 20 So. (2d) 475, the court held that ██ █ in an eminent domain proceeding by the State Highway Commission to condemn a right-of-way for a public highway the burden of proof on the issue of damages was on the Commission.

The appellant in the trial in the county court failed to offer any proof whatsoever as to the value of the land

to be taken or the amount of damages, if any, which would result to the land owner as a consequence of the taking. We think the county should have offered proof as to the value of the strip of land actually taken and the damages, if any, which would result to the land owner as a consequence of the taking.

██ ██ The jury in the trial of a case of this kind is not required to accept the opinion evidence of an expert witness who testifies for the land owner or the county. The jury may disregard the testimony of a witness whose testimony the jury has reasonable grounds to believe is worthless. The jury in the county court apparently did disregard the testimony of the expert witness offered by the appellee, and with no other testimony in the record as to the value of the strip of land taken and the damages, if any, resulting from the taking, the jury was left to determine the amount of damages according to its own opinion based upon the inspection of the premises.

The question as to the right of the jury in a case of this kind to disregard the testimony of the witnesses and to determine the compensation to be awarded to the property owner upon the basis of the jury's own knowledge and experience, after the jury has inspected the property, has been discussed in the briefs of both parties.

In 18 Am. Jur. p. 1004, Par. 361, the rule is stated as follows: "It is sometimes said that the view is merely for the purpose of enabling the jury better to understand and apply the evidence, but it is generally considered that ██ ██ the jury may take into consideration what they saw on the view in connection with their own knowledge and experience, and fix the damages by both evidence and view. They may not, however, ignore the evidence and base their verdict upon their view or their knowledge of the value of the land in the case, and it is error so to instruct them. When there is a jury of freeholders, chosen as experts to try a case of this nature, they are not to disregard the testimony in the case and decide it on their own knowledge and opinion, whether

derived from the view or otherwise. The most that they can properly be instructed is that they may rely upon their own information and opinions as well as upon the testimony.''

In the case of Salter v. Jennings Furniture Co., 144 Miss. 194, 109 So. 704, 705, in discussing a question somewhat similar to the question we now have before us, the court said: ''In addition to the evidence of witnesses, the jury had the right to apply their own knowledge of such matters, acquired by experience and observation. They had the right to use such knowledge along with the evidence in the case, and deduce from the whole their judgment as to the value of the property . . . .. We are of opinion that, under the evidence, the jury, in fixing the value of the property, were not bound down to any sum fixed by the witnesses.''

The opinions of experts as to values in cases of this kind are not to be passively received and blindly followed, but are to be weighed by the jury and judged in view of all of the testimony in the case and the jury's own general knowledge of affairs, and are to be given only such consideration as the jury may believe them entitled to receive. 18 Am. Jur. p. 999, Par. 355.

Because of the failure of the county to introduce any evidence as to the value of the land taken, in the trial in the county court, we think that the learned circuit judge was justified in reversing the judgment of the county court and ordering a new trial of the case in the circuit court. The judgment of the circuit court will therefore be affirmed.

Affirmed.