HAMILTON et al. *v.* MISSISSIPPI STATE HIGHWAY COMMISSION

No. 41783          April 10, 1961          128 So. 2d 742

*Lawrence W. Rabb,* Meridian, for appellants.

*Dunn* & *Singley,* Meridian, for appellee.

JONES, J.

This is an appeal from a verdict and judgment of the Circuit Court of Lauderdale County denying appellants damages. For an introduction to this case and an understanding of the locale, and in order to save repetition here as to such matters, see Hamilton, et al. v. Mississippi State Highway Commission, 220 Miss. 340, 70 So. 2d 856, where it was held by this Court that appellants were abutting property owners on that part of Hamilton Street within the right of way of Tom Bailey Drive.

After the decision of the cited case, the median strip there involved was removed and Hamilton Street reopened. Tom Bailey Drive as originally constructed and as it was planned when the Highway Department obtained its deed from appellants or their ancestors was a

conventional highway to which the abuting property on both sides had direct access. Some years after the original construction of Tom Bailey Drive, a new set of plans was adopted and a new project for a clover-leaf construction for the intersection of Tom Bailey Drive and Highway 45 near Hamilton Street. No new contract was made with the appellants for such construction, no grants were obtained from them, and no eminent domain proceedings were had. The clover-leaf construction would entirely block Hamilton Street where it crossed Tom Bailey Drive and would and did change the points at which appellants, from their property, might enter upon Tom Bailey Drive. Before construction of the clover-leaf, and in May 1955, the governing authorities of the City of Meridian, at the request of the Highway Department, adopted an ordinance closing portions of Hamilton Street. One part so attempted to be closed extended from a point 100 feet north of the center line of Tom Bailey Drive to a point 125 feet south of the center line of such drive. This ordinance showed on its face that no compensation had been made and none was contemplated to abutting landowners.

The said ordinance recited: ''The city council has determined that the closing of such portions of Hamilton Road will not result in damage of any kind to the abutting property owners.'' Some months after the passage of this ordinance, showing on its face that no compensation had been made to abutting landowners, the Highway Department constructed the clover-leaf heretofore mentioned effectively blocking and closing the said Hamilton Street at the point hereinbefore mentioned where it crossed Tom Bailey Drive, and where it had theretofore been closed by the median involved in the case before this Court as reported in 220 Miss. The Highway Department could not rely upon an ordinance reciting on its face that no compensation had been paid to the abutting landowners and the closing

of such street in the manner aforesaid by the Highway Department was at its peril, and the said ordinance would not permit it to escape liability. Collins v. Miss. State Highway Commission, 233 Miss. 474, 102 So. 2d 678.

The Highway Department, in the construction of said clover-leaf, built an interchange road extending from 22nd Avenue, which ran in a northerly and southerly direction east of Hamilton Street, in a westerly direction to intersect Tom Bailey Drive at a point west of appellant's improvements on the north side of Tom Bailey Drive, and then constructed a service road from the point where said interchange connected with Tom Bailey Drive back easterly some distance to appellants' restaurant property. The appellants' property on the south side of Tom Bailey Drive had access to the part of Hamilton Street extending south from Tom Bailey Drive. But such property on the south side of Tom Bailey Drive, where a service station was operated, had no direct access to Tom Bailey Drive except at a point some distance west of the filling station. Tom Bailey Drive, by the new plans for the construction of said clover-leaf, was converted into a limited access road.

The appellants sued the Highway Department for damages because of the facts aforesaid. The case was tried on the theory that the appellants were not damaged. The jury accepted this theory and returned a verdict for the Highway Department. This Court had already held that appellants were abutting landowners to that part of Hamilton Street which crossed Tom Bailey Drive. Section 17 of our Constitution, of course, provides that private property shall not be taken or damaged for public use except on due compensation being first made to the owner. The authority conferred upon a municipality for the closing of streets or alleys follows the constitutional provision by reciting that no street or any portion thereof shall be closed or vacated except upon due compensation being first made to the abutting landowners. As

stated, the ordinance here involved showed that no compensation had been made and any closing of Hamilton Street without such compensation would be unlawful.

■■ In the comparatively old case of Laurel v. Rowell, 84 Miss. 435, 36 So. 543, an injunction was sought to prevent the closing of a street on which the appellees owned land abutting. Judge Calhoun, in that case, stated: "When people build on the side of, and with reference to, a public street, they acquire an easement in its free user by them and the public and in the resultant value of such user. This is property, and cannot be taken from them or damaged by closing the street, except upon compensation first paid. The closing of the street is a taking of the easement for the public use in the purview of our constitution."

■■ Other Mississippi cases have recognized the fact that abutting owners of that portion of a street or highway closed have an easement in the use of such highway; that such easement is property and cannot be taken except upon compensation first made. In 28 C.J.S., Easements, page 821, it is said: "The owner of an easement which has been injured or the enjoyment of which has been interfered with is entitled to recover from the wrongdoer the actual damages which he has sustained, and if no actual damages are proved, he is entitled to recover nominal damages."

■■ In the trial of this case appellants requested and were refused this instruction: "The court instructs the jury for the landowners, that reconstruction of a highway which renders the abutting landowners' property less accessible to the highway, or which makes the approach less convenient, constitutes the taking of a valuable property right which is compensable and it is the duty of the jury to determine the amount of due compensation in such a case. The Court instructs the jury that such is the case in this law suit and it is this jury's duty to award the Hamiltons due compensation

for the taking of their rights of access by the defendant, State Highway Commission."

This instruction should have been given. Mississippi State Highway Commission v. Finch, 237 Miss. 314, 114 So. 2d 673.

■■ ■ Appellee requested and was given the following instruction: "The Court instructs the jury for the State Highway Commission that simply because the plaintiffs own lands abutting on the closed portion of Hamilton Road, plaintiffs are not thereby entitled to damages solely because of such fact, and, therefore, you may not return a verdict against the State Highway Commission for closing such portion of Hamilton Road unless you believe, from a preponderance of the evidence, that the plaintiffs have been specially damaged by such closing; that is to say, that the plaintiffs have sustained damages differing in kind and not in degree from that sustained by the public in general." For the reasons hereinbefore stated, this instruction was in error.

Because of the errors above referred to the case is reversed and remanded for a new trial.

Reversed and remanded.

*Lee, P.J.,* and *Gillespie, McElroy* and *Rodgers, JJ.,* concur.