Mississippi State Highway Commission *v.* Stout, et al.

No. 42015          November 20, 1961          134 So. 2d 467

*Fancher & Fancher, Ray, Spivey & Cain,* Canton, for appellant.

211

*Charles Clark, Wm. H. Cox, Jr.,* Jackson, for appellee.

GILLESPIE, J.

The Mississippi State Highway Commission filed with the Circuit Clerk of Madison County its application for the organization of a special court of eminent domain as provided by law for the condemnation of certain property belonging to John M. Stout. The special court was organized and a verdict rendered by the jury awarding damages of $30,250.00. The Mississippi State Highway Commission appealed to circuit court, where the jury awarded damages of $35,000, and judgment was entered accordingly. Mississippi State Highway Commission appealed to this Court.

■■ ■ Appellee owns 164 acres of land adjoining the western city limits of Ridgeland, Madison County, Mississippi. The land is about two or three miles north of the city limits of Jackson; the exact distance not being shown in the record. The land is highly developed for pasture with a pecan grove on the south part. The

improvements consist of appellee's home, out buildings and fences. Appellee has owned and lived on the land for many years. None of the buildings were taken. A part of the acquisition by appellant is for the purpose of constructing New interstate Highway No. 55, a non-access facility. No plans and specifications were introduced in evidence and no engineer testified concerning the details of the new construction. A map was introduced showing the location of the new facility in relation to appellee's land. The land being condemned is in three parcels: Parcel No. 1, being 0.17 acres, is a narrow strip on which a fill is to be constructed, and it is a part of the right of way of Interstate Highway No. 55; Parcel No. 2, being 0.91 acres, is a narrow strip running west from the right of way, and is being acquired for the purpose of reconstructing the Old Agency Road approaching Interstate Highway No. 55, and on this strip is to be constructed a fill up to 15 feet high; Parcel No. 3, consisting of 27.89 acres, is being acquired for use by the Natchez Trace Parkway. Appellee owns 3.17 acres of land south of Parcel No. 3, to which appellee will have no access. Thus the total area of land being taken by appellant is 28.97 acres. An additional 3.17 acres will be made inaccessible. A fill on the appellant's right of way, estimated to be 15 feet high at some places, will abut appellee's remaining land for a total distance of between 950 and 1000 feet.

Appellant contends that the verdict for $35,000 is so excessive as to evince passion and prejudice on the part of the jury. We are unable to agree with this contention. All the witnesses were qualified and used the before and after rule in arriving at the damages. According to appellant's three witnesses, the value of the land before taking was from $95,375 to $102,740; the value of the remaining land after the taking, from $72,307 to $78,990; and the damages from $22,948 to $23,750. Appellee's two witnesses placed the before value at $161,-

693 and $164,600 respectively; the after value at $118,-016.30 and $124,340.40 respectively; and the damages at $43,176.70 and $40,259.60 respectively. Appellant's witnesses valued 110 pecan trees being taken as having a value of $11,000. The jury was justified in finding that the land is physically suitable and well located for subdivision purposes. It was shown that a similar tract comprising 140 acres sold a short time before trial in circuit court for $150,000, with the right reserved to seller to remove the improvements. That tract was about two and one-half miles southeast of appellee's land on the east side of Ridgeland. The Henderson tract, not over one-half mile east of appellee's land, sold shortly before the trial for $818.00 per acre, and that tract had no improvements of substantial value. Appellant proved several sales of land to the west and north at prices ranging from $250 to $400 per acre. Most of those sales involved lands that are not near as close as appellee's land to the expanding residential area north of Jackson, and the jury was justified in finding that the sales shown by appellee were entitled to more weight in showing the value of appellee's land. The jury's view of the land has added significance in this case, for the highway improvements were in progress when the case was tried. Since the proof is not clear as to the height of all the fills abutting nearly a thousand feet of appellee's land, we are not in a position to say the remaining lands adjoining the improvements were not damaged to a considerable extent. We are unable to say that the verdict was so excessive as to evince passion and prejudice on the part of the jury.

Appellant also contends that the lower court erred in admitting testimony as to a sale of lands near and similar to appellee's land because the sale took place after the filing of the application by appellant for the taking of appellee's land. This sale was of land about one-half mile east of appellee's for $818.00 per acre.

The sale was by Henderson, already mentioned. Appellant contends that since the application to condemn had been filed when this sale was made it was then definitely known that the highway would run through the area, and necessarily affected the sale price of the lands involved. It is contended that the effect of admitting evidence of such sale tended to give appellee the advantage of the increased value of his land by the use to which it is to be put.

The rule is that damages are to be assessed and compensation determined as of the time of the taking. General benefits and injuries resulting from the use to which the land is to be put that are shared by the general public should not be considered in awarding damages in eminent domain cases. Mississippi State Highway Commission v. Hillman, 189 Miss. 850, 198 So. 565. The jury was properly instructed in this respect, and there was no proof of benefits or injuries to the land involved in the Henderson sale resulting from the proposed construction of the highway. We are unable to say that the proposed construction of Interstate Highway No. 55 about a half mile west of the land involved in the Henderson sale either enhanced or depressed its value. The record justified a finding that the new highway, which is to take the place of present U. S. Highway 51, is further away from the Henderson land than present U. S. Highway 51.

There is another reason why it was not error to admit testimony of the sale taking place after condemnation proceedings had been filed. If the value was in fact so enhanced, that fact could have been proved by appellant so as to diminish the probative value of the evidence concerning the sale. Cf. Mississippi State Highway Commission v. Taylor, 237 Miss. 847, 116 So. 2d 757, where it was held to be error not to allow the Commission to prove what the landowner paid for the land four and a half years before the trial. The proof in that

case showed that in the years intervening between the date of the purchase and the trial land values had increased, a fact which the jury could properly consider.

■■ ■ Appellant next assigns as error the admission of the testimony of Frank Stout, son of appellee, as to the yield of a pecan orchard located on Parcel No. 3. He testified to the actual average yield of the pecan orchard for the past five years. Appellant's witnesses had gone into the matter of the yield of the pecan orchard by comparing appellee's orchard to others, and this is some justification for allowing Frank Stout to testify as to the actual yield. The admission of Stout's testimony did not violate the rule laid down in Board of Levee Commissioners v. Hendricks, 77 Miss. 483, 27 So. 613, where it was said that the yield of land in corn and cotton and the value of an orchard could not be proven by opinion evidence in a case where there was little evidence of the value of the land involved. In Mississippi State Highway Commission v. Rogers, 236 Miss. 800, 112 So. 2d 250, it was held that it was error to show the yield or income of property (used for business purposes) as a separate element of damage without reference to the before and after values of the land.

■■ ■ The witness, Frank Stout, properly testified under the before and after rule and the testimony regarding the yield of the pecan orchard was admissible under the circumstances as having a legitimate bearing on the value of the land before the taking. Cf. Mississippi State Highway Commission v. Treas, 197 Miss. 670, 20 So. 2d 475, and Board of Levee Commissioners v. Nelms, 82 Miss. 416, 34 So. 149. The before and after taking rule is the ultimate measure of damages. It is not proper to prove as a separate item of damage any item, quality or specific injury; but this does not mean that a witness may not testify concerning any specific quality, item, or specific injury which affects the depreciated market value. "Although every factor affect-

ing a depreciated market value may be put in evidence, the ultimate issue is the extent of their cumulated impact upon such total valuation.'' Wheeler v. Mississippi State Highway Commission, 212 Miss. 606, 55 So. 2d 225.

Such testimony is admissible when it affects the before or after value, thus affecting the depreciated value, if the witness testifies in accordance with the before and after taking rule, and connects such specific items with the before and after market values, and considers them only as bearing upon such market values. Mississippi State Highway Commission v. Hillman, 189 Miss. 850, 198 So. 565; Mississippi State Highway Commission v. Treas, 197 Miss. 670, 20 So. 2d 475; Mississippi State Highway Commission v. Strong, (Miss.), 129 So. 2d 349.

Appellant assigns as error the lower court's refusal to give the following requested instruction: ''The Court instructs the jury for the State Highway Commission that in arriving at your verdict you shall not consider any elements of inconvenience or other elements which are speculative and remote.''

This was not error. Appellee was not entitled to recover anything for inconvenience as a separate item of damage, but it would have been error to give the instruction. Where land is taken for a highway and the remaining land is divided by the new highway, the severance damage may be substantial. This is especially true when the highway is a non-access facility and where some of the remaining land is rendered inaccessible to the owner, as in the present case. Severance damage is closely related to inconvenience, for the market value of the remaining land is reduced because of the inconvenience in going from one part to the other or because a part may be inaccessible. The instruction would deny the jury the right to consider an item affecting the after taking value of the remaining lands. The instruc-

tion is also objectionable for the reason that it has the effect of telling the jury that inconvenience is speculative and remote when in fact it is neither.

This instruction appears as Form No. 2172, Mississippi Jury Instructions, Alexander, and the footnote indicates that it was taken from Mississippi State Highway Commission v. Treas, 197 Miss. 670, 20 So. 2d 475. The instruction no doubt appeared in the record in the Treas case but there was no issue involving the instruction and it was not considered by the Court, and we know of no case where this instruction has been approved.

■■ ■ The appellant complains of the following instruction given appellee: ''The Court instructs the jury that the 3.17 acre strip lying South of parcel #3 will be inaccessible and of no value to Stout and the Court tells you that you may take into consideration the damages to this property (tho not taken by Highway Dept.) in fixing the value of Stout's property after the taking of this property so as to award in such manner damages to Stout for such severance damages to said 3.17 acres.''

■■ ■ This was error. The evidence showed that appellee would have no access to a strip of land south of parcel No. 3 after the taking. It was error to tell the jury that the land would be of no value to appellee. He will still own the land even if he cannot get to it. There was no proof that it would not have some market value. It cannot be said as a matter of law that lack of access to a tract of land completely destroys its value.

■■ ■ Appellant also contends that the instruction was improper because it tended to authorize the jury to award appellee damages for the severance of the 3.17 acres of land as a separate item of damage, and because it singled out and gave undue prominence to this element of damage. This contention is well taken. ''It should repeatedly be emphasized that subjects which

are relevant as testimony are not thereby appropriate for instructions. Although every factor affecting a depreciated market value may be put in evidence, the ultimate issue is the extent of their cumulative impact upon such total valuation. When they are made subjects of special comment in instructions, there is not only a violation of Code of 1942, Section 1530, but this results in duplication of damages . . . . and the procedure in this sort of case would be simpler and safer if the juries could be instructed that the damage is to be computed upon the basis of the difference between the fair market value of the entire property affected before and after the taking. The several items of damage should be left to the fields of testimony and argument." Wheeler v. Mississippi State Highway Commission, 212 Miss. 606, 55 So. 2d 225.

Appellee contends the instruction is authorized by Hamilton v. Mississippi State Highway Commission, 128 So. 2d 742. That was a suit for damages resulting from the closing of a street and reconstructing the highway so as to limit Hamilton's access to his property. No property was taken and the basis of the claim for damages was the limitation put on the owner's right of access. The basis of liability was a proper subject of an instruction. We do not consider that case applicable.

██ ██ Appellant contends the giving of the following instruction on behalf of appellee was error: "The Court instructs the jury for the Defendant that the burden of proof in this case is on the Plaintiff (State Highway Department) throughout the trial of this case to show you by the greater weight of the more convincing evidence as to the amount of Defendant's damages in this case; that is to say that if you believe from all of the evidence that the evidence offered on behalf of the Defendant (Stout) is just as strong and just as convincing as the evidence on behalf of the Plaintiff,

then the Court tells you that the Plaintiff has failed to meet its burden of proof and that it will then become your duty to return a verdict for the Defendant Stout in such amount as you believe from the evidence offered on behalf of the Defendant will fully and completely compensate him for his property taken and remaining property damaged, if any, in this case.''

Appellant does not complain of the first part of the instruction, being that part down to the semi-colon. We hold the latter part of this instruction is error. The statute does not fix the burden of proof but we have held that the condemnor has the burden of establishing damages caused by the taking. Mississippi State Highway Commission v. Hillman, 189 Miss. 850, 193 So. 565; Mississippi State Highway Commission v. Treas, 197 Miss. 670, 20 So. 2d 475; Warren County v. Harris, 211 Miss. 80, 50 So. 2d 918. In *Hillman,* it was held that no error was committed by refusing an instruction that the burden of proof as to damages was on the defendant landowner. In *Treas* the condemnor complained on appeal that the lower court committed error in giving an instruction on behalf of the landowner that ''the burden of proof is on the State Highway Department on the issue of damages sustained by Charles Treas by the taking of the land condemned.'' The Court held this was not error. In *Harris* it was held that where the condemnor failed to offer proof as to damages in the county court, the circuit court, on appeal, was justified in reversing the judgment of the county court and ordering a new trial in the circuit court.

The latter part of this instruction is argumentative and confusing. The jury should not have been told that it could decide the question of damages by considering only the evidence offered on behalf of the defendant. The fact that the jury did not give the full amount of damages estimated by appellee's witnesses does not cure the error.

Appellant assigns as error the giving of the following instruction on behalf of appellee: "The Court instructs the jury that there is no such thing known to the law as an 'expert witness' on the question of market value of property taken or damaged for public use; and the Court tells you that you are the sole judges of the credibility of the witnesses and the weight to be accorded their testimony in this case; and the Court tells you as a matter of law that it is your duty to carefully and impartially weigh and consider the evidence and testimony presented to you from the witness stand for your consideration in this case and to make up your verdict from such evidence and testimony and your visual inspection of the subject property under the instructions of the Court in this case."

Both parties used what are commonly known as expert witnesses on the question of values before and after the taking. Considerable testimony was offered qualifying these witnesses by showing their experience as appraisers. It is common knowledge that qualified appraisers who testify in eminent domain proceedings are generally referred to as expert witnesses. The text books and cases refer to them as experts. Warren County v. Harris, 211 Miss. 80, 50 So. 2d 918. Appellee contends that the case of Mississippi State Highway Commission v. Strong, 129 So. 2d 349, where the Court said that the term "expert witnesses" is a misnomer, authorizes the instruction. The issue being discussed in that case was not one of terminology, but who should be allowed to testify as to values. The *Strong* case is no authority for the proposition that there is no such thing known to the law as an expert witness on the question of the market value of property, for the opinion contains the term "expert witness" several times in designating witnesses who were experienced in making appraisals. The instruction singled out and had the effect of disparaging the testimony of the expert

witnesses. Cf. Louisville, New Orleans & Texas RR. Co. v. Whitehead, 71 Miss. 451, 15 So. 890. While both parties used expert witnesses, appellant used only three, all of whom were experts. ■■ ■ The jury should give the testimony of the expert witnesses such consideration as it believes them entitled to receive. Warren County v. Harris, supra; Robinson v. McShane, 163 Miss. 626, 140 So. 725.

■ ■ Appellant assigns as error statements made by appellee's attorney during the trial and argument that the Federal Government would pay the damages assessed. Appellant is not in a position to raise this question because it did not object, and made no motion for a new trial. If the trial court had had the opportunity to rule on this question and had ruled adversely to the appellant, it would undoubtedly have been reversible error. As far as the jury is concerned, the appellant pays the judgment and any statement to the contrary would obviously be prejudicial.

The cause is reversed and remanded for a new trial.

Reversed and remanded.

*McGehee, C. J.,* and *Kyle, Ethridge* and *Jones, JJ.,* concur.