BOARD   OF   LEVEE   COMMISSIONERS   FOR   YAZOO-MISSISSIPPI DELTA *v.* DILLARD, COFFIN & MAYES.*

1. PRACTICE.   *Bad pleading.   Remedy for same.*

When an issue has been made up by the pleadings the circuit court is without authority on the oral motion of one of the parties to di-

*The jurisdictional question, afterwards decided in *Levee Commissioners* v. *Brooks, ante*, 635, was not raised in this case.

rect the jury as ·to the issue before them, the remedy for bad pleading being by demurrer or motion to rectify or strike out.

2. JURY. *Disqualification. Condemnation proceedings. Yazoo-Mississippi Delta levee commissioners.* Laws 1884, *p.* 140; *Laws* 1896, *p.* 196.

   A juror summoned to assess damages in a condemnation proceeding on appeal to the circuit court from an appraisement of land taken for levee purposes, under act 1884 (Laws, p. 140), and act of 1896 (Laws, p. 175), is not disqualified by the fact that he has served as a juryman in a like case at the same term.

3. LAND. *Market value. Application of term.*

   Land has no market value in the sense of that term as applied to commercial and public securities and the commodities of trade.

4. EVIDENCE. *Value of land. Opinions of witnesses.*

   The opinions of witnesses are admissible to prove the value of land when they are acquainted with the tract and have knowledge of its value.

5. SAME. *Basis of valuation. Case.*

   One who is acquainted with a tract of land, and states its productive capacity, state of improvement and accessibility to market or means of transportation, is a competent witness as to its value. So also is one in like situation whose statement includes all of the above, save accessibility of the land to market or means of transportation.

6. SAME. *Competency of witness.*

   The statement of a witness, on cross-examination, that he only knows the value of land from its revenue-producing qualities, may disparage, but does not render inadmissible, his opinion as to its quality and value, based on knowledge of the particular tract, since his competency as a witness remains unaffected.

FROM the circuit court, first district, of Coahoma county. .
HON. T. A. MONTGOMERY, Judge.
·The opinion states the case.

The brief of *Cooper & Waddell*, for appellant, is not in the record, and cannot be found by the reporter.

*D. A. Scott*, for appellee.

1. I do not understand that a rule has ever been applied in

proceedings of this kind different from that applied in ordinary cases.    It is new doctrine to say that jurors are rendered incompetent by the fact that they had officiated in other trials involving like issues.    6 Am. & Eng. Enc. L., (1st ed.), and notes.    There is respectable authority for the position that jurors in condemnation proceedings may serve a second time in the same case.    Lewis on Emi. Dom., sec. 405, p. 517.

2.  The witnesses for the appellee having first testified that they were thoroughly familiar with the land in controversy, its character, location, improvements, fertility, productiveness, etc., and that they were also familiar with other lands of like character and quality in the immediate neighborhood of the lands in controversy, were asked the question, what, in their opinion, was the cash market value of the said land at the time it was appropriated to a purchaser who wished to buy that class of land and was willing to pay its fair, cash market value, to which objection was made, it being contended that land values in condemnation proceedings could not be shown by opinion evidence.    That the court below committed no error in overruling this objection, appears to me too clear for argument or discussion.    In subsequently excluding a good deal of this evidence the court below committed error, but it is not error of which the appellants can complain.    Opinions of farmers as to the value of lands taken for public use are admissible. *Railway Co.* v. *Hawk*, 7 Am. St. Rep., 566, s.c. 39 Kan., 638.

"The opinion of witnesses as to the value of land and damages done to the residue of the tract is always admissible."    6 Am. & Eng. Enc. L. (1 Ed.), 622 *c*.

"Nor is it necessary that such witnesses should be experts. It is sufficient if they are acquainted with the value of other lands in the same neighborhood.    The opinion of the owner of the land is also competent."    6 Am. & Eng. Enc. L. (1 ed.), 620–721.

Mr. Sutherland, in his work on Damages, sec. 1089, under

the heading of "Proof of Value and Damages," says: "These are not susceptible of precise proof, and can only be approximately shown by the opinions of the witnesses having the requisite information." Mr. Lewis on Eminent Domain, p. 436, also says: "For the purpose of establishing the value of land for public use, opinion testimony is competent." See authorities in note, *Railway Co.* v. *Hawk*, 7 Am. St. Rep., 568.

It was insisted in the court below that it was not competent to prove by a witness, who had the requisite knowledge, that the land in controversy was fertile and productive, and what, during an ordinary cotton and corn producing year, the land would yield. My understanding of the rule is that any evidence which tends to show the market value of the land, or which might be or would influence an ordinary buyer who desired to purchase the land, is always competent; and just here I insist that, if there was any error committed in the court below, it was in excluding from the jury the testimony of certain witnesses because of the fact that they based their opinions as to the value of the land in controversy partly upon its revenue-producing capability or capacity. Surely it will not be contended that an ordinarily prudent man who wished to purchase agricultural land would not be influenced or affected by the fact that, during an ordinary year, the land in question would produce from three-quarters to a bale of cotton per acre, and from forty to fifty bushels of corn per acre, or that it would rent for eight or ten dollars per acre; or, if worked, as lands in this section very frequently are, upon the share system, he would derive a revenue of from ten to fifteen dollars per acre. 6 Am. & Eng. Enc. L. (1st ed.), 1618 *a*; *Miss. & Rum River Book Co.* v. *Patterson*, 98 U. S., 206; *Young* v. *Harrison*, 17 Ga., 30; 3 Sutherland on Damages, secs. 1066, 1074; 6 Am. & Eng. Enc. L. (1st ed.), 568; *Postal Tel. Co.* v. *A. & V. Ry. Co.*, 68 Miss., 318; *Richardson* v. *Levee Commissioners*, 68 Miss., 539, 542; Mills on Em. Dom., sec. 168; Lewis on Em. Dom., sec. 472.

3. There was no error in the modification of appellant's first instruction.   In estimating the due compensation to which a landowner is entitled when his land is appropriated for public use, the measure of damages, according to a well-established rule, is the difference between the value of the land, as a whole, before and after a part of it is taken for public use.   I further understand that this court has sanctioned the rule that, in estimating the damages to which the landowner is entitled, the jury should allow to the plaintiff the market value of the land taken, considered as a part of the plantation or property from which it is taken at the time of the appropriation. *Wabash, etc., R. R. Co.* v. *McDougall,* 9 Am. St. Rep., 539; *Driver* v. *Western Union R. R. Co.,* 14 Am. St. Rep., 726; *Pennsylvania, etc., R. R. Co.* v. *Cleary,* 11 Am. St. Rep., 913; *Isom* v. *Ry. Co.,* 38 George, 300; *Levee Board* v. *Harkleroads,* 62 Miss., 807; *Richardson* v. *Levee Board,* 68 Miss., 539; *Hopson* v. *R. R. Co.,* 73 Miss., 773; 6 Am. & Eng. Enc. L. (1st ed.), 571, and note.

The owner is entitled to have his compensation or damages assessed for the injury to the entire tract of which the land appropriated is a part.   Whether the land in question constituted, at the time of the trial, one tract or farm, and the extent to which the whole or any portion thereof might have been injured, were questions for the jury. *Kremer* v. *C. M. & St. P. R. R. Co.,* 38 Am. St. Rep., 468, s.c. 56 Minn., 15.

TERRAL, J., delivered the opinion of the court.

On the second of November, 1897, the board of levee commissioners for the Yazoo-Mississippi Delta, holding the power of eminent domain, applied, by petition to the clerk of the circuit court of Coahoma county, to have the appraisers, appointed to assess levee damages, to be required to view, ascertain and determine the value of certain lands in sections 25 and 36 of township 30, range 4 west, and in sections 30 and 31 of township 30, range 3 west, minutely and specifically described in their petition in that behalf, aggregating thirty-four acres of

land, lying in said county, and belonging to Dillard, Coffin & Mays, which they alleged it to be necessary to be taken and used in the construction and enlargement of the levee maintained by said board. A warrant having been issued to said appraisers, two of them (being a majority) assembled, on the sixteenth of November, 1897, and, pursuant to said authority, they duly assessed and awarded against said levee board, for the taking of said thirty-four acres of land of said Dillard, Coffin & Mays, the sum of $1,902.30, being $55.95 per acre, to be paid to said Dillard, Coffin & Mays. The said Dillard, Coffin & Mays, being dissatisfied with the smallness of said assessment, in due time filed with the clerk of the circuit court their petition, by way of appeal to said court, in which they alleged that said appraisers should have assessed the value of the thirty-four acres of land taken by said board for levee purposes at the sum of $3,400, being $100 per acre, which sum of $3,400 they alleged to be the reasonable cash market value of the thirty-four acres of land taken and appropriated by the defendant levee board, to which declaration or statement of law and fact the defendant levee board pleaded that the sum awarded by the appraisers to plaintiffs for the thirty-four acres of land "was not unjust and inadequate, but that the award was more than the actual cash market value of the lands so taken, at the time of the taking, considered as a part of the entire tract from which it was taken, and that said appraisers should not have awarded a total of $3,400 therefor, and that the plaintiffs are not entitled to have and recover for the same the sum of $3,400, and all of which defendants ask may be inquired of by the country." The plaintiffs, for a replication to said plea, averred that it is not true, as pleaded, that $1,902.30, awarded them by said appraisers, "is more than the actual cash market value of the land taken and occupied by the board of levee commissioners for levee purposes, either considered as a part of the entire tract from which it was taken or otherwise, nor is it

true that plaintiffs are not entitled to have and recover, of and from the board of levee commissioners, the sum of $1,-902.30, and an additional amount as shown in their statement of law and fact, and of this the plaintiffs put themselves upon the country.''

The case being called for trial, one Berry, being accepted as a juror by the plaintiffs, was tendered to the defendants, when Berry, on his *voir dire*, stated that he had sat at the then current term of the circuit court as a juror in a levee board case for the assessment of damages for lands taken for the construction and enlargement of the public levee, and on that account said Berry was challenged for cause by defendants, but their challenge for cause was disallowed by the court, when they challenged Berry peremptorily. A like action, on like grounds, was had in reference to Mullens and Blackwell, except as to the juror Blackwell, the defendants' peremptory challenges being exhausted, they were compelled to take him upon the panel to try the cause, and the action of the court in overruling the defendants' several challenges for cause of Blackwell, Mullens and Berry constitute the appellants' first alleged ground of error.

A jury being taken and the trial ordered to proceed, the parties laid before the court and jury their respective grounds of complaint and defense hereinbefore recited, when the defendants moved the court to direct the jury that the only issue submitted to them in this case is the cash market value of the land taken, at the time of the taking, considered as a part of the entire tract from which it was taken. The court declined to sustain the motion, considering the issue made by the pleadings sufficiently concise and comprehensive for the understanding and judgment of the court, jury and parties. The denial of this motion is the second ground of exception by the defendants.

The case having been submitted to a jury, they returned a verdict for the plaintiffs and assessed their damages at $72.50

per acre, aggregating $2,465, for which amount a judgment was entered, and, a new trial being denied, the defendants appeal to this court.

Upon the trial the plaintiffs introduced, along with the other evidence, the opinions of the witnesses, Fontaine, Palmore and McKenzie, as to the value of the thirty-four acres of land sought to be condemned, which opinion evidence was objected to by the defendants, and the defendants sought to overcome the evidential value of the opinion of said witnesses by showing, on cross-examination of them, sales of similar land in the vicinity, and about that time, for sums less than that given in their opinions, from which they were precluded, and to which they excepted. The defendants offered in evidence the opinion of Stovall as to the value of first-class cleared land in said county, well located and accessible, and his opinion was excluded. Stovall had resided many years in the county, but was not acquainted with the plantation of Dillard, Coffin & Mays. Aderholdt, a farmer who had lived in the county thirty years, and who knew the plaintiff's lands, who had worked on it, was then camped on it, and who testified it was productive, was permitted to give his opinion as to the value of said thirty-four acres of land on his examination in chief, but on cross-examination said that he did not know how to value land except from a consideration of its revenue producing qualities, when his evidence was excluded, to which ruling the levee board excepted.

The testimony bearing on the question whether the witnesses McKenzie, Palmore and Fontaine were qualified to give their opinions as to the value of the thirty-four acres of land in evidence is as follows: McKenzie said he was a landowner; knew the land in question; that it was fertile, and would produce from three-fourths to one bale of cotton, or fifty or sixty bushels of corn per acre; that it was well located, highly improved, and convenient to market. Palmore said that he was the assessor of the county; was familiar with land values; knew the

Dillard, Coffin & Mays plantation; that it was very fertile, well improved and accessible to river and railroad.    Fontaine testified that he was acquainted with the land; had surveyed and mapped it; that it was fertile, and would produce forty bushels of corn or about one bale of cotton per acre.    On cross-examination he was asked by the levee board the following questions, which the court overruled: "Did you know the price at which such lands [similar to the lands in question] have been generally dealt with by sale and purchase in the locality of these lands or in adjacent territory?"    "Do you know the market value of lands in the locality in which these ands are located except by recurring to particular sales?"

Three questions arise on the record: (1) On the pleadings, (2) on the qualifications of the jurors, and (3) on the evidence admissible to prove the value of land.

1. The object of the pleadings is to produce an issue—a single, certain and material point—affirmed on one side and denied on the other, and we concur in the ruling of the learned court below in holding that the issue made in this case by the pleadings of the parties was certain and concise, and one easily to be understood.    Undoubtedly it is the duty of the court, in all cases, to cause an isue to be made up for trial, and the requirement of the statute "that the court shall cause the issue to be made up" in condemnation proceedings, as well as in the trial of the right of property levied on by execution, wherein a like requirement is found in annotated code, § 4427, is duly complied with when the rulings of the court on the pleadings in the case shall have resulted in such issue.    The practice of the courts at common law was for the parties to formulate the pleadings, and the issue resulted logically from the rulings of the court thereon.    If the statement of law and fact made by the plaintiff was not in such concise language as to state, with precision, a good cause of action, nor expressed in such manner as permitted the defendant levee board, by their plea, to make a certain and material issue thereon, a demurrer thereto;

or a motion, under § 704, annotated code, would have rectified the mispleading, and if, by the bad pleading of the defendant, the issue is not sharply and distinctly presented, the defendants may not complain of their own fault. The replication of the plaintiffs is perhaps useless, but " *Utile per inutile non vitiatur* " is a maxim of law.

2. That the juror Blackwell had served as a juryman at that term of the court in a case for the assessment of damages between the board of levee commissioners and other parties in reference to the condemnation of other lands, was not, in our judgment, a disqualification of said Blackwell as a juror in this cause. The exception to him for cause was properly denied.

3. It is obvious, to all attentive observers of the market reports published in the daily press, that land has no market value in the sense that stocks, bonds and other public securities have a market value, or even as the common and ordinary articles of commerce have such market value, and because thereof the rules of evidence for the proof of the value of the land are modified to meet the circumstances of the situation. On some subjects the opinion of any competent witness is admissible in evidence, in order to assist, but not control, the judgment of the jury (1 Greenl. Ev., § 440), and, as proof of the elements of the value of land may not always certainly direct the jury to a proper verdict, the opinions of witnesses on this subject have been admitted by courts of high authority (10 Am. & Eng. Enc. L., 2d ed., 1157), but such opinions should be admitted only when given by persons acquainted with the particular land and who have knowledge of the value thereof. To test the weight of the opinion as to value given by a witness, it is proper to require such witness, on cross-examination, to disclose his knowledge of the sales of land, made about the time and in the vicinity, in order to disparage his opinion. We think the questions propounded to Fontaine should have been sustained. The witness Aderholdt showed himself competent to give his opinion of the value of the land, and it should not have been excluded; for,

if the reason given for it affected it at all, it went merely to its disparagement, and not to its competency. We think Fontaine, Palmore and McKenzie were competent witnesses to give their opinions of value, and that Stovall's evidence was properly excluded. The other exceptions are without merit.

*Reversed and remanded.*