MISSISSIPPI STATE HIGHWAY COMMISSION *v.* TAYLOR, et al.

No. 41781          November 21, 1960          124 So. 2d 684

*Matthew Harper, Jr.,* Asst. Atty. Gen., Jackson; *Boyd & Holifield, Welch, Gibbes & Graves,* Laurel, for appellant.

2

*Cecil G. Johnson,* Ellisville; *Collins & Tew,* Laurel, for appellees.

McGEHEE, C. J.

This is the second appearance of the above styled cause on appeal to this Court. See Mississippi State Highway Commission v. Taylor, 237 Miss. 847, 116 So. 2d 757. The first verdict was in the sum of $40,000, which was held to be grossly excessive and the case was also reversed on the further ground that there had been reversible error in the exclusion of evidence offered by the appellant as to the purchase price paid by the appellees for the property through which the right of way was being condemned. The purchase had been made four and one-half years prior to the trial at a price of $15,-000. The Court here held that the purchase price paid under such circumstances was a factor which a prospective purchaser would consider in arriving at the value of the property before the taking of the 21.69-acre strip of the land of the appellees.

The Court is now of the opinion, after a careful consideration of all of the competent testimony in the case, that the verdict is still grossly excessive and that the case should be reversed unless within ten days from this date the appellees shall enter a remittitur reducing the amount of the verdict from $25,000 to the sum of $17,500. There are other alleged errors assigned, such

as the refusal of the trial court to permit the appellant to introduce an application made by the appellees for a loan on the property shortly after the same was purchased on March 25, 1954, as an admission against interest, at the purchase price of $15,000, and in which application the appellees stated that they valued the improvements on the land at $6,000 and the land itself at the sum of $9,000, making a total of a $15,000 valuation; and it is also assigned as error that the trial court, after holding that one of the witnesses for the appellee was not competent to testify as to the value of the property before the taking of the right of way by the appellant for the reason that he had never been on the property until a few days before the trial of the case about sixteen months after the Highway Commission had taken possession of the 21.69-acre right of way, permitted the same witness to testify as to the value before the taking in response to a hypothetical question. Assuming that the trial court was in error in both instances, we do not think that under all the facts and circumstances of this case his rulings amounted to reversible error since there was no dispute of the fact that the appellees admittedly paid $15,000 for the property on March 25, 1954.

The farm of the appellees, which was bisected by the 21.69-acre strip taken for the right of way by the appellant, consisted of approximately 124 acres of land which was located approximately three miles southwest of Ellisville in Jones County, Mississippi and used largely as a pasture for an indefinite number of cattle. Across the northern portion of this tract of land there extended in a northeasterly and southwesterly direction a blacktopped State Highway No. 590 which ran near the front of the residence of the appellees. Under the new construction this highway was to extend across and above the 21.69-acre right of way for the limited access highway which the Highway Commission was constructing.

The residence of the appellees was a brick veneer type house consisting of three bedrooms, dining room, kitchen and bath and nearby there were located a large barn, a water well and pump, butane gas system, a garage and storage shed, chicken house and a three-room tenant house. There was also a one-acre pond north of Highway 590 and a three and one-half to five-acre pond on the south side thereof. The strip of land condemned would take about one-third of the larger pond, the tenant house, the well and butane gas system, the chicken house and would render more inconvenient the access of the appellees to the tract of approximately 67 acres on the east and south side of the 21.69-acre tract condemned as a right of way for the new highway. The residence and barn of the appellees were not disturbed by the taking of the new right of way. One of the appellees testified that after having purchased the 124-acre property, she soon thereafter spent about $5,000 in improving the inside of the brick veneer residence, but her grantor testified that he did the work himself in improving the house and that it required about three or four weeks of his time. This appellee also testified as to other expenditures made after she purchased the 124-acre tract of land on March 25, 1954 and that the cost of these expenditures as a whole amounted to approximately $11,000 which, when added to the $15,000 purchase price, would represent an investment of approximately $26,000. There was no proof that these added improvements were worth approximately $11,000 but merely that they cost the appellee that sum of money.

We think that the court correctly excluded the testimony of the witness, M. P. Carter, but the values of the property given by him before the taking and the amount of the damages to the appellees by reason of the taking of the right of way, was before the jury in the main under reserve rulings before the testimony of this witness was finally excluded.

Since the case is to be reversed for another trial unless the remittitur is entered as hereinbefore suggested, we shall refrain from a further discussion of the testimony of the witnesses in the case.

It should be said, however, that the testimony discloses that in the 21.69-acre strip of land taken, there was one three-room tenant house. The record on this appeal does not disclose how old this tenant house was nor anything about its state of repair or value. Nor was there any proof offered to substantiate the claim of the appellees that they had expended slightly in excess of $11,000 for repairs and improvements on the 124-acre tract after they had purchased the same at the price of $15,000, nor as to what the well, pump and butane gas system taken in the condemnation proceeding were reasonably worth, nor as to whether a sufficient amount of the pasture land was left accessible to the landowners to sufficiently support whatever herd of cattle would be maintained on the premises in the operation conducted by the appellees thereon.

It is the opinion of the Court that if a remittitur is entered within ten days from this date reducing the total judgment as heretofore stated, the case should be affirmed with remittitur, otherwise it will be reversed for another trial on the ground of the gross excessiveness of the verdict.

It is so ordered.

Affirmed with remittitur.

*Kyle, Holmes, Ethridge* and *Gillespie, JJ.,* concur.