STRICKLAND, et al. *v.* MISSISSIPPI STATE HIGHWAY COMMISSION

No. 41580 November 28, 1960 124 So. 2d 696

September 26, 1960 123 So. 2d 238

*George D. Maxey, Deavours & Hilbun,* Laurel, for appellants.

*Matthew Harper, Jr.,* Asst. Atty. Gen., Jackson; *Welch, Gibbes & Graves, Boyd & Holifield,* Laurel, for appellee.

ARRINGTON, J.

This is an eminent domain proceeding which originated in the County Court of the First Judicial District of Jones County by the Mississippi State Highway Commission against the appellants, Ethel Pearson Strickland and W. E. Strickland. There was a jury verdict and judgment entered in the amount of $6900. A motion for a new trial by the Mississippi State Highway Commission was overruled and the Commission appealed to the Circuit Court of Jones County where the court held that the damages were excessive and ordered a reversal in the case unless the landowners entered a remittitur in the amount of $2300 within ten days. The landowners declined to enter the remittitur and appealed to this Court.

After a careful investigation of the facts in this record, we are of the opinion that the circuit court was correct in finding that the damages were excessive and in ordering a remittitur of $2300. Therefore, it follows that the judgment of the circuit court should be affirmed and remanded for a new trial, unless within ten days from this date a remittitur in the amount of $2300 is entered herein. If such remittitur is so entered, a judgment for the remaining amout in the sum of $4600 will be entered.

Affirmed.

*Hall, P.J.,* and *Lee, Kyle* and *Holmes, JJ.,* concur.

### ON MOTION TO DISMISS APPEAL

GILLESPIE, J.

It appears from the motion that in county court appellant was awarded a judgment for $6,900. On appeal to circuit court a new trial was ordered unless a remitti-

tur of $2,300 was entered. Appellant refused to enter the remittitur and a new trial was ordered. Appellant perfected an appeal to this Court from the order granting a new trial.

 █ Appellee says that under Section 1147, Code of 1942, an appeal does not lie because the order granting a new trial is not final. We so held in a number of cases, but those cases were denied before the enactment of Chapter 230, Laws of 1956 (Section 1536, Code of 1942), which provides:

"Every new trial granted shall be on such terms as the court shall direct; and no more than two new trials shall be granted to the same party in any cause. *Provided, however, that when the sole ground for a new trial is the excessiveness or inadequacy of damages assessed, the party aggrieved may elect to appeal from the order granting a new trial.*" (Emphasis added)

The last sentence of the statute was added by the 1956 Act and authorizes an appeal from an order granting a new trial on the ground of excessiveness of the damages assessed. Gibson v. Lindsey, et al., 233 Miss. 853, 103 So. 2d 345.

Motion to dismiss appeal overruled.

*Hall, P.J.*, and *Holmes, Ethridge* and *McElroy, JJ.*, concur.