NEW ORLEANS & NORTHEASTERN RAILROAD COMPANY *v.* FLEMING, et ux.

No. 43169          October 26, 1964          168 So. 2d 285

*Tate Thigpen, Granville H. Williams,* Picayune, for appellant.

*Ray M. Stewart, Picayune,* for appellees.

RODGERS, J.

This eminent domain proceeding began in the Justice of Peace Court of District No. 1 of Pearl River County, Mississippi. It was instituted by the appellants for the purpose of acquiring a right-of-way across the residence lot of Joseph J. Fleming and his wife, Doris Keller Fleming, to construct a railroad spur track from the Village of Nicholson to the Village of Gainesville. The trial resulted in a verdict in favor of appellees in the sum of $12,000. The Railroad appealed from this judgment to the Circuit Court of Pearl River County. The trial in the circuit court resulted in a verdict in favor of the property owner for $16,000. The Railroad has appealed the case to this Court from the judgment of the circuit court.

Appellees, Mr. and Mrs. Fleming, own a strip of land 200 feet wide and about 900 feet in length located in the Village of Nicholson. The improvements on their land consist of a seven-room dwelling house constructed of wood, a barn, boat house and wire fences. The residence faces a gravel road running along the south end of the property. Appellees' home is located about 600 feet east of Highway 11 and northwest of an interstate highway.

The Railroad seeks to condemn a 200-foot strip of land, running east and west across the middle of appellees' property, and proposes to build a railroad fill 10 feet high on the west side, gradually raising it to

12 feet on the east side. The property of appellees will be divided into three parts. The Railroad will occupy .97 of an acre. Appellee will still own 1.92 acres north of the railroad embankment but this part of the land will be inaccessible from appellees' home. South of the railroad appellees will own 1.25 acres on which are located the improvements above-described. The railroad will run within 170 feet of appellee's home and 10 feet north of his barn.

In view of the conclusion reached by this Court we deem it necessary to discuss only two of the grounds complained of by appellants.

■■ ■ First: We are of the opinion that the motion of appellants to exclude the testimony of two of appellees' witnesses was properly overruled because the trial court should not have rejected testimony of qualified witnesses in property evaluation. The motion essentially challenged the weight and worth of the testimony of the witnesses. The weight of testimony is primarily for the consideration of the jury. Miss. State Highway Commission v. Strong, 240 Miss. 756, 129 So. 2d 349; Miss. State Highway Commission v. Rogers, 240 Miss. 529, 128 So. 2d 353; Board of Levee Commissioners v. Dillard, 76 Miss. 641, 25 So. 292; Orgel, on Valuation Under Eminent Domain, Vol. 1, 2 Ed., § 132, p. 564.

■■ ■ Second: We agree with the contention of the appellants that the verdict of the jury in this case is so excessive as to shock the enlightened conscience. The witnesses testified as to the following before-and-after values and the resulting damages.

| NAME | BEFORE VALUE | AFTER VALUE | DAMAGES |
|---|---|---|---|
| *For Petitioner* | | | |
| F. L. Arbogast | $ 9,650.00 | $ 6,970.00 | $ 2,680.00 |
| Carle Cooper | 8,400.00 | 5,700.00 | 2,700.00 |
| E. O. Robinson | 8,050.00 | 5,650.00 | 2,400.00 |

| NAME | BEFORE VALUE | AFTER VALUE | DAMAGES |
|---|---|---|---|
| *For Respondent* | | | |
| Glen Ford | $24,207.00 | $12,131.00 | $12,076.00 |
| E. H. Mitchell | 26,629.00 | 11,632.67 | 14,966.33 |
| A. C. Mitchell | 26,621.00 | 11,211.50 | 15,410.50 |
| F. E. Tate | 27,305.00 | 11,702.50 | 15,592.50 |
| J. J. Fleming | 37,000.00 | 10,000.00 | 27,000.00 |

From the foregoing resume of the testimony introduced as to values, it is apparent that the highest damage estimate of any witness (other than the landowner) was less than the jury verdict of $16,000. The motion for a new trial in the circuit court should have been sustained, unless appellees at that time were willing to accept a remittitur of sufficient magnitude to reduce the damages to a sum commensurate with reasonable and just compensation for the taking of the right-of-way and damages to the remainder of their property. Strickland v. Miss. State Highway Commission, 240 Miss. 7, 124 So. 2d 696.

The record contains an aerial photograph of the area here involved. It also contains photographs of appellees' home and the surrounding residences. We have examined carefully the testimony of all the witnesses and we are of the opinion that the verdict in this case is so excessive as to evince passion and prejudice on the part of the jury.

The wide variance in the testimony — perhaps brought about by the rapid growth of the immediate area, giving rise to the hope for speculative profits, coupled with the resentment naturally engendered in the minds of a jury against the sovereign power of eminent domain — has obviously caused the jury to return an excessive verdict in this case. It therefore becomes our duty to reverse the judgment of the circuit court and remand this case for a new trial. Miss. Highway Commission v. Taylor, 237 Miss. 847, 116 So. 2d 757, 240 Miss. 1,

124 So. 2d 684; Strickland v. Miss. Highway Commission, 240 Miss. 7, 124 So. 2d 696; Miss. Highway Commission v. Slade, et ux, 241 Miss. 721, 133 So. 2d 282; Miss. Highway Commission v. Herring, et ux, 241 Miss. 729, 133 So. 2d 279; Miss. Highway Commission v. Tisdale, 241 Miss. 16, 128 So. 2d 745; Miss. Highway Commission v. Madison County, Mississippi, 242 Miss. 471, 135 So. 2d 708.

We have reached the conclusion that the damages to the property of appellees under the evidence presented does not exceed $10,000.

If, therefore, the appellees enter a remittitur within fifteen days from the date of rendering this opinion in the sum of $6,000, a judgment of $10,000, with legal interest, will be entered here in their favor, otherwise this cause will be reversed and remanded for a new trial.

Reversed and remanded unless remittitur is entered.

*Lee, C. J., and McElroy, Jones and Patterson, JJ.,* concur.