ON MOTION TO REINSTATE APPEAL '
RODGERS, Justice.
The appeal in this case grew out of an order of the Circuit Court of Jackson County, Mississippi, in which Duffie E. Jenkins was granted a new trial based upon certain prejudicial statements of attorneys for third parties made before the jury resulting in a verdict of inadequate damages in favor of the plaintiff.
The appeal was dismissed on motion of the plaintiff-appellee and an order was entered to that effect. Thereafter, the defendant-appellant filed a motion requesting this Court to reinstate the appeal based upon the contention that Section 1536, Mississippi Code 1942 Annotated (1956), gives the right to appeal from an order granting a new trial for “inadequacy of damages.”
It will be noted, however, that the foregoing Code section permits an appeal only “when the sole ground for a new trial is the excessiveness or inadequacy of damages assessed.” This issue was heretofore presented to this Court in Houston v. Page, 208 So.2d 901 (Miss.1968), and in that case we said:
“ * * * [T]he trial court’s order notices only one (ground) and it is sufficiently clear "from the order itself that the motion was sustained and a new trial granted upon ‘the sole ground’ of the ‘excessiveness * * * of damages assessed.’ * * * ” (208 So.2d at 903)
Tn the instant case we have the reverse of the Houston case. Here the trial judge’s order shows that he granted a new trial because of misconduct of attorneys who represented other parties, which conduct resulted in a verdict for inadequate damages.
But, in answer to that fact, movant says the defendant and his attorney did nothing attributable to them to prejudice the rights of the plaintiff and appellant should not be penalized by requiring him to undergo another trial to assess damages alone.
We are of the opinion, however, that facts and issues which may require the trial judge to grant a new trial, other than the issue of excessive or inadequate damages, are not a part of the appeal permitted by Section 1536, Mississippi Code 1942 Annotated (1956), and may not be considered on this appeal.
Motion to reinstate appeal denied.
All Justices concur.