240 So.2d 623 (1970)
Lawrence BYRD
v.
SINCLAIR OIL & REFINING COMPANY.
No. 45892.
Supreme Court of Mississippi.
October 5, 1970.
Rehearing Denied October 26, 1970.
Walker & Sullivan, Laurel, for appellant.
Heidelberg, Woodliff & Franks, W. Swan Yerger, William H. Brown, Jr., Jackson, for appellee.
JONES, Justice.
This case comes from the Circuit Court of Jones County. It originated in the county court.
Prior to 1956, no appeal was allowable from the circuit court unless the judgment was in all respects a final judgment. It is the primary duty of this Court, on its own motion, to determine its jurisdiction. Roach v. Black Creek Drainage District, 206 Miss. 794, 41 So.2d 5 (1949).
The action involves surface damage to lands alleged to have occurred because of the breaking of the dam of a slush pit of appellees. In the county court the plaintiff received a judgment for $3,000. On appeal the circuit court reversed under the circumstances hereinafter shown for a new trial on the question of damages only, unless a remittitur of $1,200 was entered. The appellant having declined to make said remittitur undertakes to appeal to this Court.
The statute governing appeals from the county court to the circuit court is Section 1616, Mississippi Code of 1942 Annotated (1956). Said section, among other things, provides:
[B]ut when on appeal from the county court a case has been reversed by the circuit or chancery court there shall be no appeal to the supreme court until final judgment or decree in the court to which it has been appealed.
Prior to 1956, Section 1536, Mississippi Code of 1942 Annotated only provided as follows:
Every new trial granted shall be on such terms as the court shall direct; and no more than two new trials shall *624 be granted to the same party in any cause.
By Mississippi General Laws, chapter 230 (1956), the following sentence was added to said section:
Provided, however, that when the sole ground for a new trial is the excessiveness or inadequacy of damages assessed, the party aggrieved may elect to appeal from the order granting a new trial. (emphasis added).
Since that time it has been held by this Court that an appeal lies from an order granting a new trial on the ground that the damages awarded are excessive. Strickland v. Miss. State Hwy. Comm., 240 Miss. 7, 124 So.2d 696; on motion to dismiss appeal, 123 So.2d 238 (1960).
Our Court has treated and considered the said section 1536 amended as complimentary to the appeal statutes and particularly section 1616 governing appeals from county court.
In Allen v. Sowell, 231 Miss. 597, 97 So.2d 227 (1957), the defendant obtained a verdict in the county court. Plaintiff appealed to the circuit court where the circuit judge held that certain instructions granted by the county judge were erroneous, and an order was entered reversing the county court. The defendant, appellant in this case, attempted to perfect an appeal to the Supreme Court. A motion to dismiss was filed because no final judgment was rendered. Our Court there said:
Upon reversal of the county court for reasons not requiring judgment to be entered for plaintiff, the case became a pending cause on the docket of the circuit court for a new trial de novo. Section 1616, Mississippi Code of 1942. The order of reversal was not a final judgment, and no appeal could lie therefrom. (97 So.2d at 227).
This Court permitted an appeal in Houston v. Page, 208 So.2d 901 (Miss. 1968) where the judgment of the Court read as follows:
Came on this cause for hearing on Motion for a new trial and the court upon hearing the argument of counsel and reviewing medical evidence finds that the proof in this cause is insufficient to support a verdict of such size, and that the verdict is excessive.
It is therefore ordered that the Motion for a New Trial be and is hereby sustained. (208 So.2d at 903).
The order in that case involved solely the amount of the judgment.
In Hobbs v. Jenkins, Miss., 239 So.2d 575 (rendered September 21, 1970), Jenkins was granted a new trial by the Circuit Court of Jackson County because of certain prejudicial statements of attorneys made before the jury which rendered a verdict in favor of plaintiff but the damages were inadequate. The appeal in that case was dismissed and thereafter the appellant filed a motion to reinstate alleging that section 1536 gives the right of appeal from an order granting a new trial for "inadequacy of damages." The Court there said, however, that Code Section 1536 permitted an appeal only when the sole ground for a new trial is the excessiveness or inadequacy of the damages assessed. It was held that in the Hobbs case, the trial judge's order showed that he granted a new trial because of misconduct of attorneys. The motion to reinstate the appeal was denied, and the Court said:
We are of the opinion, however, that facts and issues which may require the trial judge to grant a new trial, other than the issue of excessive or inadequate damages, are not a part of the appeal permitted by Section 1536, Mississippi Code 1942 Annotated (1956), and may not be considered on this appeal.
In the instant case, the circuit judge, after reading and considering the rather extensive record in the case, rendered an opinion of eighteen pages. The opinion was treated and considered as the order of the court. The circuit court held that there were errors in the admission of *625 evidence, both as to liability and as to damages. As to some of the testimony, he said: "Undoubtedly the admission of the prejudicial evidence had its effect upon the jury's decision," and as to a comment by the judge of the county court in overruling an objection, the circuit judge said: "Obviously this error is prejudicial to the right of the appellant in receiving a fair trial." (emphasis added).
Various other rulings as to the admission of evidence affecting, as aforesaid, both liability and the amount of damages were held by the circuit judge to be erroneous. It was also held by him that the giving of an instruction for punitive damages was error and that the county court erred in granting an instruction which would allow the jury to go beyond the declaration and award damages for a period of time not complained of. There were other rulings as to the admission of evidence. The court in its long opinion finally held:
It is, therefore, the opinion of the Court that for the errors contained in the admission of the evidence over the objection of the appellant, for the errors in the instructions herein discussed, the decision of the County Court must be reversed as to damages.
The court then held that the case was reversed and remanded to the docket of the circuit court on the issue of damages only unless a remittitur was entered by the appellant here.
Section 1536 above mentioned provides that the inadequacy or excessiveness of the verdict shall be the sole issue on appeal from an order granting a new trial. Here it is shown the court passed on a number of objections to evidence and held certain errors prejudicial to the right of Sinclair and that some contributed to the denial of a fair trial, and it was because of the erroneous instructions and erroneous admissions of evidence that the case was remanded to the docket for trial on the amount of damages only.
The affirmance of this case by us would mean that we had examined the various issues decided by the judge of the circuit court and held that he was correct. If we reverse the case, we would necessarily have to determine that the judge of the circuit court was wrong in his ruling on the evidence and instructions.
This is not the sort of appeal contemplated by the said Section 1536, and it is therefore dismissed.
Appeal dismissed.
BRADY, INZER, SMITH and ROBERTSON, JJ., concur.