BARBER *v.* LOVELAND *et al.*

(Division A.   March 20, 1933.)

[146 So. 854.   No. 30521.]

J. Thomas **Dunn**, of Meridian, for appellant.

J. O. Sams and W. C. Sams, both of Meridian, for appellees.

628

Argued orally by **J. T. Dunn**, for appellant, and by **J. O. Sams**, for appellee.

**Cook, J.**, delivered the opinion of the court.

Under sections 173 to 178, inclusive, Code 1930, authorizing attachments in chancery, the appellees filed their bill of complaint in the county court of Lauderdale county against the appellant, Tom S. Barber, a nonresident of this state, alleged to be indebted to the appellees, and other resident defendants alleged to have in their hands effect of, and to be indebted to, said nonresident defendant. The nonresident defendant entered his ap-

pearance and pleaded that the execution of the contract and notes sued on was procured by fraud on the part of appellees' agent. From a personal decree against the principal defendant for the sum sued for, and against the garnishee defendants condemning the sums owing to him, the principal defendant only appealed to the circuit court, and from a decree of the circuit court affirming in all respects the decree of the county court this appeal was prosecuted.

The motion of appellees to dismiss this appeal because none of the garnishee defendants have been summoned to appear before this court and join in the appeal must be overruled. Section 22, Code 1930, providing for summons and severance when all the parties to a judgment or decree do not join in an appeal, has no application to appeals from a county court to the circuit court. Furthermore, no objection was raised in the circuit court that all the parties to the decree had not been summoned to join in the appeal, and such objection could not be raised here for the first time. The only party appellant in the circuit court has appealed to this court.

The finding of the county court that the execution of the contract and the notes sued on was procured by fraud is fully sustained by the proof. We think, however, that it was erroneously held that the appellant was estopped to rely upon the defense of fraud for the reason that before the attempted cancellation of the said contract and notes he assigned, as reasons for such rescission, oral representations of the appellees' agent rather than the fraud pleaded and proved. In Odeneal v. Henry, 70 Miss. 172, 12 So. 154, 155, and Nash Mississippi Valley Motor Co. v. Childress, 156 Miss. 157, 125 So. 708, it was held that if a party attempts to rescind his contract on a ground not good in law, but there exists at the time a ground that is good in law, he can later rely on the good ground and is not bound to stand on the false ground

first assigned, and we do not agree with the contention of counsel that these decisions based this holding on the fact that the party did not know of the ground on which rescission was based at the time he assigned other reasons therefor. In Odeneal v. Henry, supra, it was expressly held that it was of no importance whether the party had knowledge of the justifying reasons at the time other reasons were assigned, but that "the all-important question is, did good reason actually exist at the time of" the rescission?

We think the decree of the county court was erroneous, and therefore the decree of the circuit court will be reversed, and the cause remanded to be proceeded with in accordance with the statute.

Reversed and remanded.