## HAMEL v. MARLOW, SHERIFF AND TAX COLLECTOR.

(Division A. Oct. 29, 1934.)

[157 So. 255. No. 31352.]

560

■■■■■■■■

(Division A.   Dec. 10, 1934.)

[157 So. 905.   No. 31352.]

■■■■■■

* For former opinion, see 157 So. 255.

**Frank E. Everett,** of Indianola, for appellant.

**J. A. Lauderdale**, Assistant Attorney-General, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a judgment awarding damages on the dissolution of an injunction. Hamel, Sealy, and Ganong each separately owned and conducted a billiard and pool hall in Sunflower county, on each of which the sheriff and tax collector was attempting to collect the privilege tax due thereon under chapter 89, Laws of 1932. Whereupon they filed a joint bill of complaint against the sheriff and tax collector, setting forth separate ownership of the three billiard and pool halls, the privilege tax that would become due thereon under the statute which they alleged violated certain sections of the Constitution, and praying for an injunction restraining the collection of the taxes against each of them. A preliminary injunction was granted and served on the appellee. Afterwards, on motion by the sheriff, an order was entered directing the complainants to execute a new bond, which they failed to do, and thereafter the injunction was dissolved, the cause dismissed, and a decree was rendered on the bond, awarding the sheriff and tax collector a judgment against the complainants jointly and severally and the sureties on their injunction bond for the full amount of the privilege taxes due by all of the complainants, with ten per cent. interest thereon. Hamel alone appeals.

The appellant's complaint is that the decree should have awarded a judgment against him only for the privilege taxes due by him, with the statutory ten per cent. damages added thereto. The writ of injunction enjoins

the appellee from "collecting or attempting to collect from the complainants, or either of them, privilege tax for the operation of billiard and pool halls." The injunction bond recites that:

"We, E. E. Sealy, A. M. Ganong, and C. A. Hamel, principals, and Terry Wilson and Chas. Klingman, Sureties, are held and firmly bound unto W. D. Marlow, Jr., tax collector, in the sum of twenty-five hundred ($2,500) dollars. . . . The condition of the above obligation is such, that, whereas the above bound principals have this day obtained from the Honorable James L. Williams, Chancellor, a writ of injunction and supersedeas, enjoining and restraining the said defendant from levying upon any of the property of complainants, or either of them, and from collecting or attempting to collect privilege taxes from the complainants, or either of them, for the operation of their said billiard and pool halls, until the same can be heard and determined at the Honorable the chancery court of Sunflower county, state of Mississippi.

"Now, if the said principals in case the injunction shall be dissolved, shall pay all money and cost due or to become due to the tax collector, and also such cost and damages as shall be awarded against them, then this obligation shall be void, otherwise the same shall remain in full force and virtue."

On its face the bond seems to require each and all of the principals therein, in event the injunction should be dissolved, to pay all of the taxes the sheriff had been enjoined from collecting. It must be construed, however, in connection with section 420, Code of 1930, under which the bill of complaint was filed, which reads as follows: "The chancery court shall have jurisdiction of suits by one or more taxpayers in any county, city, town, or village, to restrain the collection of any taxes levied or attempted to be collected without authority of law."

The manifest purpose of this statute was to prevent a multiplicity of suits by permitting a number of taxpayers to join in one bill of complaint for restraining the collection of taxes sought to be unlawfully collected from them, without which each of the taxpayers would be compelled to file separate suit. If each taxpayer who joins in such a bill for obtaining the injunction which the statute permits should thereby become obligated to pay the taxes due by all of his co-complainants in the event the injunction should be dissolved, the manifest purpose of the statute in most cases would be frustrated, because no taxpayer where the complainants are numerous and the taxes large could afford to join in such a bill. The purpose of the statute can only be carried out by construing it to subject each taxpayer to liability for his own taxes, in event the bill of complaint should be dismissed. The court below should have rendered separate judgments against each of the complainants for the privilege tax due by him with the statutory damages of ten per cent. added thereto.

The injunction bond, of course, secures the payment of the taxes due by all of the complainants. Since Sealy and Ganong have not appealed, the decree of the court below will not be disturbed as to them, but will be here modified so as to render the appellant liable only for his privilege tax and the statutory damages of ten per cent.

So ordered.

ON SUGGESTION OF ERROR.

**Smith, C. J.**, delivered the opinion of the court on Suggestion of Error.

On a former day of the present term of this court the decree of the court below awarding the appellee damages on the appellant's bond for an injunction was reversed, and a judgment for such damages as the court should have awarded was intended to be entered. This judgment

included the amount of the privilege tax due by the appellant, but did not include the damages for the nonpayment of the tax, provided by section 238, chapter 89, Laws 1932. We will adhere to our former opinion on the merits and will here only specifically refer to one contention now made for the first time by counsel for the appellee, which is that the appellant's cocomplainants in the court below have not appealed, and there was no summons and severance, as provided by section 22, Code 1930. It is too late now to raise that question. Wilkinson v. Love, 149 Miss. at page 533, 115 So. 707, at page 709. This brings us to the omission in our former judgment of the damages provided by the statute above cited.

In his answer to the suggestion of error appellant says that section 238, chapter 89, Laws 1932, should be construed in connection with section 420, Code 1930, by which he was given the right to test the validity of the tax here in question by an injunction, and when so construed it will appear that the Legislature did not intend to penalize the taxpayer for delaying the payment of his taxes by the exercise of the right given him to contest the validity thereof. We do not think the two sections are susceptible of that construction. The penalty is imposed for the failure to pay the tax when due, and an unsuccessful contest of the validity of a tax, though prosecuted in good faith, does not, except in a few jurisdictions, relieve the taxpayer of the penalty imposed for the nonpayment thereof when due. 61 C. J. 1490, and the authorities there cited.

The judgment hereinbefore rendered will be set aside, and another judgment will be rendered in accordance therewith, except that the appellant will be charged with the payment of the tax enjoined, the penalty imposed by section 238, chapter 89, Laws 1932, and ten per cent. on both, as provided by section 422, Code 1930.

So ordered.