Mississippi State Highway Commission *v.* Nixon, et al.

No. 43317 September 27, 1965 178 So. 2d 680

January 25, 1965 170 So. 2d 631

*J. M. Travis,* Heidelberg, for appellant.

*A. S. Scott, Jr.,* Laurel; *W. L. Richmond,* Hattiesburg, for appellees.

LEE, C. J.

Bamer Nixon, widow of James Nixon, Jr., supposedly owned four acres of land, in a rectangular shape, on which she lived, in Jasper County, Mississippi. This property lay in the path of the right-of-way for Interstate Highway No. 59.

The Mississippi State Highway Commission instituted eminent domain proceedings in a justice of the peace court of the county, naming Bamer Nixon and seven others, including Linen-White Corporation, a domestic corporation, the assignee and holder of a deed of trust and notes on the property, given by Bamer Nixon originally to United States Shell Homes, Inc., and which was duly recorded in Jasper County, and its trustee, Clinton G. Herring, as defendants.

The eminent domain jury awarded the defendants, including Herring, Trustee, the sum of $2,100 as damages. The judgment of that court was rendered in favor of all defendants, including Linen-White Corporation, and Clinton G. Herring its trustee; and Linen-White Corporation prosecuted its appeal to the circuit court, giving bond for the perfection of the appeal.

On the hearing in the circuit court, the evidence showed that of this four acres of land, 1.71 acres were being taken, leaving 1.6 acres on the west, and .69 of an acre on the east, of the highway. The house was located about the center of the parcel of land. It had been sold by the Highway Commission for an approximate value of $300 and had been moved away.

J. W. Morgan, testifying for the Highway Commission, was the only witness who testified as to the value of the property. He said that the place, before the taking had a value of $2,000, and after the taking $225. The worth of the house was $1,300, and accounted for the balance of $700 as the value of the four acres of land. It was shown to be approximately 3/4ths of a mile to a crossing of the highway for access from one parcel to the other. He described the house in detail. A picture of the same was exhibited.

Bamer Nixon admitted that she signed the deed of trust, dated October 7, 1961, to United States Shell Homes, Inc. These papers showed the original indebtedness of $2,643, payable $38.60 each month, commenc-

ing December 11, 1961. J. L. McCaffey, president of Linen-White Corporation, testified that the amount, due on the deed of trust, at the time of the trial, was $2,866.10.

The jury found that the defendants, including Linen-White Corporation and Clinton G. Herring, Trustee, sustained damages in the sum of $3,500. The judgment was in accordance with the finding of the jury, the motion for a new trial was overruled, and the Commission appealed.

 █ The appellant contends that the circuit court was without jurisdiction of the appeal from the eminent domain court because there was no appeal by any defendant except Linen-White Corporation. It says that Herring, the trustee, the possessor of the naked title, did not even appeal; and that the judgment of the eminent domain court became final against all defendants, taking the position that all defendants had to appeal.

In the first action of the Court on this appeal, the Court said:

"The property owners and other defendants appeared in the circuit court on appeal, and entered into the trial of the case, and the fact that they were not summoned to appear in the circuit court cannot be raised for the first time on appeal to the Supreme Court. Hamel v. Marlow, 171 Miss. 559, 157 So. 255, 905, 96 A.L.R. 924 (1934); Barber v. Loveland, 166 Miss. 625, 146 So. 854 (1933)." Miss. State Highway Comm. v. Nixon, (Miss.) 170 So. 2d 631, 632 (Jan. 25, 1965).

In addition, Mississippi Code Annotated section 2766(a) (1956) provides:

"Every party shall have the right to appeal to the circuit court from the finding of the jury in the special court by executing a bond with sufficient sureties, payable to his adversary, in a penalty of three hundred dollars ($300.00), conditioned to pay all costs that may be adjudged against him, which bond shall be given within twenty (20) days after the rendition of the

verdict, and may be approved by the justice. If the appeal be by the defendant, it shall not operate as a supersedeas, nor shall the right of the applicant to enter in and upon the land of the defendant and to appropriate the same to public use be delayed."

Paragraph (c) of that section also provides as follows: "Upon appeals, the issues shall be tried de novo in the circuit court, which shall try and dispose of it as other issues, and enter all proper judgments."

Besides, the case of Mississippi State Highway Commission v. Daniels, 235 Miss. 185, 108 So. 2d 854 (1959), at page 195 thereof in referring to section 2766(c), supra, says:

"Sec. 2766(c), Code of 1942, providing for appeals from the special court of eminent domain to the circuit court provides that 'the issues shall be tried de novo in the circuit court, which shall try and dispose of it as other issues, and enter all proper judgments.' The circuit court does not sit as an appellate court 'but the case must be tried anew as if it were originally instituted in the circuit court.' Lucedale Commercial Co. v. Strength, 163 Miss. 346, 141 So. 769."

Since no point was made in the circuit court as to the sufficiency of the appeal from the eminent domain court, it cannot now be raised in this Court.

Appellant also contends that reversible error was committed by the trial court in the admission of prejudicial evidence. This assignment arises out of the following circumstances:

In the course of the trial, counsel for appellee in the cross examination of the project engineer R. E. Rankin emphasized and had the witness testify that the federal government furnishes 90% and the state 10% of the money for the development of the project. This evidence was objected to by counsel for appellant. The objection was overruled by the court, and the motion to exclude was likewise overruled. In other words, there were ob-

jections and a motion to exclude, and this objection was also carried forward in the motion for a new trial.

In Mississippi State Highway Commission v. Stout, 242 Miss. 208, 134 So. 2d 467 (1961), this Court held that the admission of such evidence would constitute reversible error if objected to, but that the error in that instance was not preserved. The same situation occurred in Mississippi State Highway Commission v. Ulmer, 251 Miss. 710, 171 So. 2d 126 (1965), but the objector did not preserve the point.

However, in the case of Mississippi State Highway Commission v. Deavours, 251 Miss. 552, 170 So. 2d 639 (1965), the same improper evidence was offered and the objection was preserved, and the second syllabus of the opinion concisely announced the decision as follows:

"Admission, over objection, of testimony as to féderal government's participation in road project for which land was condemned and as to appraiser for highway commission being trespasser because he failed to secure permission or consult with owners before going on land was reversible error."

The admission of this prejudicial evidence was reversible error.

No apportionment of damages as between the mortgagor and mortgagee, involved in this proceeding, was sought from, or made by, the jury. An apportionment, involving damages to the lessor and lessee, was made by the jury in the case of Smith v. State Highway Commission, 252 Miss. 883, 174 So. 2d 374 (1965). That result was affirmed by this Court.

■■ ■ Appellant also contends that it was error for the court to grant the appellee, Bamer Nixon, the following instruction:

"The Court instructs the jury for the defendant, Bamer Nixon, that under Article I, Sec. 10, of the United States Constitution, no state shall enact a law impairing the obligation of prior contracts."

It is obvious that such an instruction had no place in the trial of this cause.

Consequently it follows that the judgment of the circuit court must be reversed and the cause remanded for a new trial in accordance with the statement of principles as heretofore set out.

Reversed and remanded.

*Gillespie, Jones, Brady, and Inzer, JJ.,* concur.

## REMANDED TO THE DOCKET FOR PROCESS

RODGERS, J.:

The appeal of the Mississippi State Highway Commission against certain landowners, the trustee, and the mortgagee in a deed of trust on the property sought to be acquired by eminent domain proceedings was submitted for determination by this Court. An examination of the record revealed that one of the defendants, Linen White Corporation, had filed a brief on appeal to this Court, but the record does not affirmatively show that the property owners, and the trustee were served with process, giving them notice of an appeal to the Supreme Court.

The property owners and other defendants appeared in the circuit court on appeal, and entered into the trial of the case, and the fact that they were not summoned to appear in the circuit court cannot be raised for the first time on appeal to the Supreme Court. Hamel v. Marlow, 171 Miss. 559, 157 So. 905, 96 A. L. R. 924 (1934); Barber v. Loveland, 166 Miss. 625, 146 So. 854 (1933).

On the other hand, since the defendants were not summoned to appear in the Supreme Court, this Court cannot proceed until they have been properly made parties on appeal. Miss. Code Annot. §§ 1186, 1187, 1189, 1898 (1942).

644

In the case of Hinton v. Schaffer, 250 Miss. 535, 162 So. 2d 651 (1964), in which it was discovered the appellee had not been summoned, we followed the procedure of remanding the case to the docket with directions to the Clerk of the Supreme Court to summon the appellee, and we are of the opinion that this procedure should be followed in this case.

It will, however, be necessary for the appellant to inform the Clerk of the Supreme Court the addresses of the defendants, and such other information necessary to obtain service of process upon the parties in the trial court who have not appealed to this Court.

We have reached the conclusion that this case should be remanded to the docket, and unless process is had upon the defendants in time to allow them to appear at the next term of this Court, this case will, at that time, be dismissed.

Remanded to the docket for process.

*Kyle, P. J., and Gillespie, Jones and Brady, JJ.,* concur.