BRADY, Justice:
This is an appeal from an eminent domain proceeding instituted in the County Court of Jackson County, Mississippi, by the Mississippi State Highway Commission against Mr. and Mrs. Carroll G. Cole, appellees, in connection with a right-of-way *363 acquisition necessary for the construction of Interstate Highway No. 10. From a verdict in favor of the appellees in the amount of $2,250 an appeal was taken.
The appellees are owners of a 4.45 acre tract of undeveloped property known as Fountainbleau Acres Subdivision located and situated in Section 17, Township 7 South, Range 7 West, Jackson County, Mississippi. The property is located approximately four miles north of U. S. Highway 90 and three-quarters of a mile east of State Highway 57 or the Van Cleave Road.
The property in question was purchased by the appellees in the year 1962 for the purposes of development into a subdivision upon appellee’s retirement from the armed services. The State Highway Commission condemns 2.02 acres of the tract in the construction of Interstate Highway No. 10, thus leaving 2.42 acres of the original tract to the appellees. From a jury verdict in favor of the appellees in the amount of $2,250, the State Highway Commission appealed.
The appellant assigned three errors which appellant urges the lower court committed, namely, (1) that the following statement was made by the court in the presence of prospective jurors prior to the trial: “That it is very important that we get 90% government money as opposed to the 10% from the state;” (2) that the lower court erred in allowing the appellee to testify as to why he purchased the subject property and as to what he planned to do with it, including the testimony as to the loss sustained based on six proposed one hundred foot lots; and (3) that the verdict rendered was so excessive as to evince bias, passion and prejudice on the part of the jury.
The error which requires our primary consideration is that the county court erred in stating in open court, prior to the time that the jurors were empaneled but were present in the courtroom, “that it is very important that we get 90% government money as opposed to the 10% from the state.” The record discloses that subsequent to the empaneling of the jurors and the acceptance by both the appellant and the appellee, the appellant stated, “to these statements that were made the state takes exception.”
As authority for his assertion that reversible error was committed by the county court when uttering the above noted statement, the appellant cites the following cases: Mississippi State Highway Commission v. Nixon, 253 Miss. 636, 178 So.2d 680 (1965); Mississippi State Highway Commission v. Ulmer, 251 Miss. 710, 171 So.2d 126 (1965); Mississippi State Highway Commission v. Deavours, 251 Miss. 552, 170 So.2d 639 (1965); and Mississippi State Highway Commission v. Stout, 242 Miss. 208, 134 So.2d 467 (1961). While these cases set forth authoritative rules of law, they are not applicable here for the reason that the facts in the case at bar are clearly distinguishable from the facts in the cases cited by appellant. In the case at bar, contrary to the factual situation in the cases cited by appellant, the jury had never been placed in the box for voir dire examination by either the appellant or the appellee. In the cases cited by appellant the jury had been selected and the statement had been made by witnesses during the trial of the case and was heard by the jury. In the case at bar there is no proof in the record whatsoever that any juror who was ultimately selected to try the issues in this case actually heard the statement purported to have been made by the county judge. No motion for a mistrial was made nor were the jurors examined as to whether or not they heard the statement and whether they could or would disregard it and try the case solely on the evidence and instructions of the court. An exception only to the statement was made after the selection and acceptance of a jury. After the *364 jury brought in its verdict, then the statement is urged as reason for a new trial.
The appellant had an opportunity to make a motion for a mistrial prior to the time the jury was selected. He had an opportunity to make a motion for a mistrial prior to the introduction of evidence and he had an opportunity on voir dire to interrogate the jury and determine whether or not the jurors heard the statement and if it had prejudiced them. Furthermore, the appellant could have asked for peremptory challenges to those jurors who heard the statement and were influenced thereby and had doubts as to whether they could disregard it. Having failed to utilize any of these opportunities to determine if an impartial jury was selected, he cannot now be heard to complain and we hold there is no merit in this assigned error.
Insofar as the other errors are concerned, under the facts of this case and those facts as set forth in the case of Henry v. Mississippi State Highway Commission, Miss., 231 So.2d 779, decided February 16, 1970, and not yet reported, we hold that the decision in the latter case is controlling here. When all the evidence is reviewed in toto, it is apparent that there is a difference of only $785 between the damages estimated by witnesses for the appellant and those for appellee occasioned by the taking of the land and resultant damages as reflected in the verdict. We cannot with any assurance conclude that the size of the verdict evinces bias, passion or prejudice on the part of the jury. For these reasons the judgment is affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, PATTERSON and SMITH, JJ., concur.